## PENNINGTON *v.* UNDERWOOD.

### Opinion delivered April 9, 1892.

1. *Attorney—When not entitled to fee for collection.*

    Where an attorney agrees to collect a claim, pay the costs and accept for his compensation one-half of the amount collected, he is not entitled to half of an amount collected by the client if the latter notified him of the opportunity to make the collection and he declined to resort to it because of the expense involved.

2. *Practice on appeal—Dismissal.*

    Under the act of April 14, 1891 (p. 280), which authorizes the Supreme Court, on reversing a cause, to remand or dismiss the cause and enter such judgment as it may deem just, where

plaintiff's evidence affirmatively establishes that there is no right of recovery in his behalf, the court will reverse a judgment at law in his favor and enter judgment for defendant.

Appeal from Johnson Circuit Court.

J. G. WALLACE, Judge.

*J. E. Cravens* for appellant.

*A. S. McKennon* for appellee.

1. When attorney not entitled to fees for collection.

HEMINGWAY, J.   A party seeking to recover upon a contract must show that he has complied with the conditions on which the right of recovery depends.   When an attorney undertakes the collection of a claim under a contract that he will pay the costs incident thereto and accept for his compensation one-half of the amount collected, he is not entitled to half of an amount realized through the efforts of the client; and if the client notified him of the opportunity to make the collection, and he declined to resort to it because of the expense involved, he is entitled to nothing on account of such collection. For, as his failure to comply with his undertakings made it necessary for the client to assume them, he cannot ask compensation to which he would have been entitled only in the contingency that he did what his client was driven to do himself.

2. Practice in the Supreme Court as to dismissals.

The material facts in the case are not controverted, and, under the principles above announced, they do not support the verdict.   There is, not simply a failure of proof, but an affirmative showing that there is no right of recovery—and this is made by plaintiff's own testimony.   The judgment must therefore be reversed, and the question is, what shall we do with the cause?   By the act of 1891, we are authorized to remand or dismiss it, or to enter such other judgment as in our discretion we deem just.   Acts of 1891, p. 280.   If the record disclosed a simple failure of proof, justice would demand that we remand the cause and allow plaintiff an opportunity to supply the defect; but as there is an affirma-

tive showing by him that he has no right to recover, a new trial would only protract the litigation, increase the the costs and needlessly occupy the time of the courts. In this state of case injustice would be done by remanding the cause, while justice would be done by determining it now as it must inevitably be determined at some time. The power conferred by the statute should be exercised with great caution, but in a case where justice plainly demands it we should not decline to end fruitless litigation by administering it. Such is our opinion in this case, and a judgment will therefore be entered here for the defendant.