ARKADELPHIA LUMBER CO. *v.* BETHEA.

Opinion delivered December 17, 1892.

*Master and servant—Risks of employment.*

> Where an experienced workman is employed to oil a planing machine with a can furnished him, and while so engaged has his fingers caught and cut off by a revolving cylinder of knives which constitutes the effective principle of the machine, he cannot recover from the employer damages for his injuries if the machine, and the can he undertook to oil it with, were in good order and of the kind in general use, and the danger to which he was exposed was patent to a casual observer, even though the use of a different machine or oil-can would have entailed less risk.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

*J. H. Crawford* and *U. M. & G. B. Rose* for appellant.

1. A servant assumes the risk incident to his employment. 35 Ark. 602; 54 *id.* 289, 389; 41 *id.* 382; 92 Pa. St. 276; 77 Mo. 508. An employer is not bound to furnish the safest machinery, nor to provide the best methods for its operation; if the machinery is such as is ordinarily used by persons in the same business, and such as can, with reasonable care, be used without danger, that is all that is required, even though other kinds might be safer. 128 Pa. St. 294; 15 Am. St. 680; 18 Atl. Rep. 387; 136 Pa. St. 618; 20 Am. St. 944; 53 Mich. 212; 79 Me. 397.

2. There were no latent dangers in the machine, of which the master was required to give special warning; the dangers were patent and ordinarily incident to such service. 41 Ark. 542; 46 *id.* 388; 39 *id.* 18; 151 Mass. 85; 120 Ind. 314; 28 A. & E. R. Cas. 308; 39 Minn. 78; 21 Pac. Rep. 660; 128 Mass. 228; 77 Wis. 51. Even if

the transverse bar was a defect, it was patent, and plaintiff, by continuing to work, took the risk. 19 S. W. Rep. 600 ; 54 Ark. 389 ; 114 Ind. 20 ; 66 Mich. 277 ; 77 Am. Dec. 212. Applying the law thus laid down, there is no evidence to sustain a recovery.

*H. W. McMillan* and *G. W. Murphy* for appellee.

It is the duty of the employer, on assigning his employe to work at or about dangerous machinery, to notify him of the danger, unless, in view of all the circumstances, including the age and experience of the employee, the character of the machinery and the danger, he is justified in the belief that the employee is already aware of it ; to use all reasonable means in his power to render the employee's discharge of his duties safe ; and to furnish him with suitable and reasonably safe instrumentalities for the performance of his work. 48 Ark. 333 ; 44 Ark. 293 ; 44 Ark. 524 ; 39 Ark. 18 ; 54 Ark. 395 ; 35 Ark. 602 ; 54 *id.* 289 ; 48 *id.* 460 ; 100 U. S. 214 ; 116 *id.* 642 ; 135 *id.* 555. Ordinary risks are such as remain after the master has used all reasonable care to prevent them. 23 Pac. Rep. 751 ; 57 Hun, 339 ; 1 N. E. Rep. 277 ; 2 West. Rep. 197 ; 147 Mass. 484 ; 65 Am. Dec. 222. Some courts limit the servant's assumption of risks to such as are ordinary, within the foregoing definition, and hold the master liable for all injuries resulting to the servant from his neglect of duty; while the majority of them, including this court, hold that the servant assumes all risks of which he has knowledge, as well as those which are ordinary. (See cases last cited). But the rule in this court, and all others holding a like view upon the matter of assumption of risks, is, that the master, whose servant has sustained injury from risks not ordinarily incident to his employment, risks which reasonable care on the part of the master would have guarded against, can escape liability only by proving

that the servant had notice of the risk through which he was injured, or that he was guilty of contributory negligence. 41 Minn. 437; 37 Kan. 701; 11 Atl. 189; 81 Va. 576; 68 Wis. 520; 56 Iowa, 520; 48 Ark. 475. Before the servant can be charged with contributory negligence, it must appear that he had received notice of the danger or risk, or had knowledge of it. 41 Minn. 444; 60 Mich. 501; 15 N. E. Rep. 904; 72 Cal. 197; 128 U. S. 91. The failure of a servant, ignorant of a danger, to select means or methods to avert the injury, or to discover, when his attention is closely occupied with his duties, discoverable defects or dangerous conditions, is not contributory negligence. 44 Hun, 336; 9 N. E. Rep. 691; 2 West. Rep. 293; 50 N. W. Rep. 404; 22 Atl. Rep. 1094; 28 N. E. Rep. 989. The time of appellee's service does not, as matter of law, affect him with notice. 135 U. S. 558, 571. The verdict is conclusive, unless there is no evidence to support it. 123 U. S. 710; 128 *id.* 443; 53 Ark. 129.

HEMINGWAY, J. This was an action on part of an employee to recover for personal injuries received in the course of his employment. The verdict and judgment were in his favor, and the defendant has appealed. The appeal questions only the sufficiency of the evidence to warrant any recovery.

That it is not the province of this court to determine a question as to the preponderence of evidence is the established rule; but where it is contended that all the evidence in support of a verdict is legally insufficient to warrant it, it is our duty to determine that question, having no regard to the evidence tending against it. In doing so we assume that every fact is as favorable for the successful party as the jury could have found it, and upon the case thus made determine if the verdict is warranted. We have considered this case in conformity to the rule stated, and in doing so find the following case:

The plaintiff was engaged to oil a planing machine, and, while so doing, had his fingers caught and cut off by a revolving cylinder of knives which constituted the effective principle of the machine. In order to oil it, he had to go under the machine, rest in a reclining attitude upon his side, and so elevate the bowl of the oil can as to give the neck a sufficient declension for the oil to flow. The can he used, which was furnished by the company, was twenty-two inches long, and could be used only when the bowl was enough higher than the mouth to cause the oil to flow down. The cylinder of knives extended from the top of the machine downward, and was above him when he was engaged under the machine. When raising the bowl of the can for the oil to flow out, his hand proceeded in the direction of the knives, and it was in this act that he received the injury complained of. It was necessary that the hand should be moved toward the knives, but the work could have been performed without coming in contact with them; and if he had caught the handle attached to the bowl so as to keep the bowl above his hand, it would have protected him against the knives. A spring bottom can might have been used without raising it as high as was necessary in using the one furnished; but cans of the latter kind were in general use for the purpose. The particular can was in good condition, and the machine, which was of a kind in general use, was likewise in good condition. In some respects it differed from planing machines of a different make, but no difference existed in the operation or exposure of the knives. Its full dimensions are not disclosed, but it appears that the top of the cylinder as it revolved was upon a level with the top of the machine, and that the bottom of the cylinder was twenty-eight inches above the floor. There was a transverse iron bar an inch in diameter, which furnished a means of adjusting the knives to the material to be dressed, and was six inches below the

cylinder.   The oil box which plaintiff was required to oil was ten inches from the bar and eighteen inches above the floor.   He had to insert the can between the bar and the cylinder in order to give it the declension necessary for the oil to flow, and as the oil box was three inches lower than the bar, the bowl of the can was necessarily higher.   When the machine was in operation, it threw shavings under it and caused a dust which made it impossible for one engaged in oiling to see the cylinder; but, upon an inspection from the outside, the general position of the cylinder could be seen, and, as it extended to the top of the machine, its approximate distance from the floor was patent.

The plaintiff had worked for ten months upon a planing machine of a different manufacture, with knives operated and exposed as in this, and had worked upon this one for more than two months before the injury. The above contains a statement of the controlling facts; and the jury could not, upon the testimony, have found them more favorably for the plaintiff.   Does it show a right of action?

The contention is that the presence of the transverse bar and the use of the long can exposed plaintiff to an increased risk, of which he had no knowledge, and of which he should have been notified because it was latent.

The general rule is that an employee who enters upon service, knowing the kind of instrument or machine that he is to work with or about, assumes the risks incident thereto ; and that his employer discharges his full duty in that behalf if he furnish and maintain a good instrument or machine of the particular kind, even though some other kind would entail less risk.   *Railway Co.* v. *Davis*, 54 Ark. 389 ; *Lovejoy* v. *Boston & Lowell Railroad*, 125 Mass. 79; *The Serapis*, 8 U. S. C. C. App. 49.

Is there anything in the matter relied upon to make this case an exception to the rule? or to indicate that plaintiff's injury arose from a danger that was latent?

There is not a fact or circumstance in the proof tending to show that the transverse bar increased plaintiff's risk, although some witnesses express the opinion that it did. If plaintiff could have oiled the box while holding the can under the bar, it would have been a means of protection; but if he could not do so without holding the can at a point higher than the bar, he could not have done so without raising the can to the same altitude if the bar had not been there. In either event, there was no necessity to come in contact with the knives, as is shown from his past service; this result was unnecessary, and might just as well have occurred when the bar was not there as when it was. But, be that as it may, it was one of the obvious features of the machine, of which the plaintiff was bound to be informed without notice.

There is nothing to indicate that plaintiff was exposed to any danger except from the knives, and it was certainly the cause of the injury. He knew that a planing mill had either a cylinder of knives or some like instrument to plane lumber; and if he gave a passing glance at the machine before going under it, he knew about where it was located and about how far it was above the floor. Knowing these facts, and they are so patent that he must have known them, and knowing further that in discharging his duty it would be necessary for him to go under the machine, it was plain that he would be under the cylinder, and its distance from the floor necessarily brought it within the reach of his hands. He knew that he had to raise the can to oil the box, and that in raising it his hand moved toward the knives, of whose proximity he was warned by flying shavings and a cloud of dust. He certainly knew that

an instrument that was effective to plane lumber could not be touched by his hand without hurt, and that he was liable to touch it unless he took care to prevent it. That is, he knew that the knives were there, that they were within reach of his hands, that his hands moved towards them as he raised the can, and that contact with them would injure him. Then what danger was there that was latent and of which he should have been notified? We think it plain that there was none. No danger could be more patent than that to which he was exposed, and the employer could have notified him of nothing which he did not already know. But the law imposes no such duty on employers, and we have been able to find from the evidence no duty which the defendant owed to the plaintiff that was not performed. It furnished a machine to work about and a can to work with that were in good order and of the kind that plaintiff undertook to use; he was exposed to danger at one point, and it was patent to the casual observer and was necessarily inherent in a machine intended for the purpose. The defendant discharged its full duty, and the injury from a contact with the knives was a risk incident to the service, which plaintiff assumed.

We think there is not only a failure of proof, but that the evidence on part of plaintiff, as well as that on part of defendant, shows affirmatively that he has no right to a recovery. The judgment must therefore be reversed, and, in accordance with the rule announced in *Pennington* v. *Underwood*, 56 Ark. 53, the cause will be dismissed.

NOTE—See the somewhat similar case of *Bohn Mfg. Co.* v. *Erickson*, 55 Fed. Rep. 943. (Rep.)