ELLSWORTH BROTHERS TRUCK LINES, ET AL v. S. HUBERT MAYES, JR., ADMR., ET AL

5-4817                                     438 S.W. 2d 724

Opinion Delivered March 24, 1969

442

*Rose, Meek, House, Barron, Nash & Williamson* for appellants.

*McMath, Leatherman, Woods & Youngdahl* for appellees (*Mayes & Wise Co. Bank*)

*Cockrill, Laser, McGehee, Sharp & Boswell* for appellee (*Heaggan*).

J. FRED JONES, Justice. This is an appeal by Ellsworth Brothers Truck Lines and its truck driver, Herbert Roberts, from portions of an adverse judgment in an action for wrongful death brought in the Faulkner County Circuit Court by the personal representatives of Malloy and Adkins, who died instantly on April 10, 1967, in a highway collision in Faulkner County.

The facts revealed by the record are briefly these: Before daylight on April 10, 1967, the appellants' truck and trailer overtook a Plymouth automobile owned and being driven by Mrs. Willie Jean Heaggan. Rain was falling and the blacktop highway was wet and slick. Both vehicles were traveling about forty-five miles per hour with the truck and trailer about two hundred feet behind the Heaggan vehicle. The two vehicles had traveled in this manner for a distance of about two miles when the Heaggan vehicle, in negotiating a curve in the highway, skidded on the wet pavement and Mrs. Heaggan lost control of her automobile. The Heaggan vehicle skidded off the highway and into a ditch on its righthand side of the highway. It came to rest bogged down in mud but still headed in the same direction it was originally traveling. Appellant Roberts testified that the Heaggan automobile skidded across the center line of the highway at least twice before it finally left the highway, but Mrs. Heaggan denied that her automobile ever skidded across the center line of the highway.

While the Heaggan automobile was skidding from the highway, a Comet automobile belonging to, and being driven by, the decedent Malloy, approached the scene from the opposite direction and crashed into the left rear tandem wheels of appellants' trailer. The decedent Adkins was a hitchhiking passenger in the Malloy automobile and both Malloy and Adkins were killed instantly by the impact. The air lines to the brakes on the trailer were broken by the impact, thus locking the wheels on the trailer. After the impact the tractor and trailer continued approximately eighty feet on its proper side of the highway with the tractor portion remaining in its proper lane on the pavement, and with the damaged rear portion of the trailer skidding along the shoulder and ditch on its right-hand side of the highway. The truck and trailer came to rest with the tractor in its proper lane on the blacktop, but with the rear-end of the trailer in the ditch with its right front wheel of the rear tandem against the left rear bumper of the Heaggan

automobile. The left rear tail light lens on the Heaggan vehicle was broken and that was the extent of the damage to the rear of the Heaggan vehicle.

Hubert Mayes, Jr., administrator of the estate of Charles Malloy, and Wise County National Bank, administrator of the estate of Buddy F. Adkins, sued Ellsworth Brothers Truck Lines, Inc., Herbert F. Roberts and Willie Jean Heaggan. The suit by Malloy's representative was for property damage and funeral expenses on behalf of the estate and for mental anguish on behalf of three surviving children. The suit by Adkin's representative was for funeral expenses on behalf of the estate, and for mental anguish on behalf of the surviving mother and father and five brothers and one sister. Roberts and Ellsworth filed a cross-complaint against Mrs. Heaggan for contribution on any judgment which the administrators might obtain against them, and Mrs. Heaggan filed a cross-complaint against Roberts and Ellsworth for personal injuries, as well as for contribution, on any judgment which the administrators might obtain against her.

The trial court directed a verdict for Mrs. Heaggan on the complaint of the administrators and also on the cross-complaint for contribution filed by Roberts and Ellsworth. The jury found in favor of the administrators against Roberts and Ellsworth and for Roberts and Ellsworth on the Heaggan cross-complaint. In other words, the trial court held *as a matter of law,* that Mrs. Heaggan contributed no negligence at all to the proximate cause of the collision and resulting deaths of Malloy and Adkins and the jury found *as a matter of fact,* that the appellants contributed no negligence to the proximate cause of Mrs. Heaggan's injuries.

Judgment was entered on the verdict as follows:

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the plaintiff, Wise

County Bank of Wise County, Virginia, administrator of the estate of Buddy F. Adkins, deceased, do have and recover from Ellsworth Brothers Truck Lines, Inc. and Herbert F. Roberts the sum of $10,-000 each for the use and benefit of Aaron Adkins and Ada Adkins and the sum of $500 each for the use and benefit of Clifford Adkins, Garland Adkins, Donnie Adkins, Emory Adkins, Elsie Adkins, and Raymond Adkins, and the sum of $350 for the use and benefit of the estate of Buddy F. Adkins, deceased. In sum total it is considered, ordered and adjudged that the said administrator recover from the defendants Ellsworth Brothers Truck Line, Inc. and Herbert F. Roberts the sum of $23,-350 for the above beneficiaries.

IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that the plaintiff S. Hubert Mayes, Jr., Administrator of the estate of Charles Maloy do have and recover the sum of $1,-500 for the use and benefit of Patrick Malloy and the sum of $1,000 each for the use and benefit of Charles Maloy and Shannon Cannopash and the sum of $1,750 for the use and benefit of the estate of Charles Maloy, deceased. In sum total it is considered, ordered and adjudged that the said administrator recover from the defendants Ellsworth Brothers Truck Line, Inc. and Herbert F. Roberts the sum of $5,250 for the above beneficiaries.

IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that by direction of the court the plaintiffs take nothing from Willie Jean Heaggan on their complaint against her and that the defendants Ellsworth Brothers Truck Line and Herbert F. Roberts take nothing by virtue of their claim for contribution and that both the complaint of the plaintiffs and the cross-complaint of the defendants Ellsworth Brothers Truck Line, Inc. and Herbert F. Roberts against Willie Jean Heaggan

is hereby dismissed, to which action the plaintiffs and the defendants Ellsworth Brothers Truck Line, Inc. and Herbert F. Roberts duly note their exceptions.

IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that Willie Jean Heaggan take nothing by virtue of her cross-complaint for damages against Ellsworth Brothers Truck Line, Inc. and Herbert F. Roberts.''

The appellants paid part of the judgment in favor of the estate of Adkins, including funeral expenses and damages for mental anguish to the parents and a brother, Clifford, who testified at the trial. The appellants also paid part of the judgment in favor of the estate of Malloy, including funeral expenses and $1,500.00 damages for mental anguish to a son, Patrick, who testified at the trial. The verdict was rendered and the judgment was dated May 14, 1968. On June 12, 1968, motion to vacate judgment was filed by Heaggan as follows:

"Comes Willie Jean Heaggan by her attorney, Felver A. Rowell, Jr., and moves the Court to set aside the Judgment of the Court rendered in this cause and grant her a new trial for the following reasons:

(1)—That the Judgment is contrary to the law.

(2)—That the Judgment is contrary to the evidence.

(3)—That the Judgment is contrary to the law and evidence.

(4)—That the verdict of the jury is inadequate in that the damage does not equal the actual pecuniary injuries sustained.

(5)—That the verdict is not sustained by sufficient evidence and is contrary to law.

WHEREFORE, PREMISES CONSIDERED the defendant and counter-claimant prays that this Court set aside the Judgment of this Court and that a new trial be granted, or in the alternative, that the Judgment be set aside and Judgment entered in favor of this party, notwithstanding the Judgment and for any and all other relief to which she may be entitled in a court of law."

On August 5, 1968, the trial court granted the motion as follows:

"On this 5th day of August, 1968, there is presented to the Court the Motion of defendant Willie Jean Heaggan to set aside the verdict of the jury finding in favor of Herbert F. Roberts and Ellsworth Brothers Truck Lines, Inc. on her Cross-Claim against them and to vacate that part of the Judgment based thereon and to grant her a new trial, and said defendant appears by her attorney, Felver A. Rowell, Jr., and Ellsworth Brothers Truck Lines, Inc. and Herbert F. Roberts appear by their attorney, J. W. Barron, and the Court being well and sufficiently advised is of the opinion that said Motion should be granted.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the verdict of the jury herein finding in favor of Herbert F. Roberts and Ellsworth Brothers Truck Lines, Inc. on the Cross-Claim of Willie Jean Heaggan, and that part of the Judgment rendered in favor of Herbert F. Roberts and Ellsworth Brothers Truck Lines, Inc. on the Cross-Claim of Willie Jean Heaggan, be, and the same are hereby, vacated and set aside and that Willie Jean Heaggan be, and she is hereby granted a new trial on her Cross-Claim against Herbert F. Roberts and Ellsworth Brothers Truck

Lines, Inc. to all of which the defendants Herbert F. Roberts and Ellsworth Brothers Truck Lines, Inc. object.''

On appeal to this court the appellants designate the following points for reversal:

"The court erred in directing a verdict for Willie Jean Heaggan on appellants' cross-complaint against her for contribution.

The court erred in granting the Heaggan motion for a new trial.

A. The motion was not presented within the time required by law.

B. The granting of the motion for a new trial was a clear abuse of discretion.

The four brothers and the sister of the deceased Adkins who did not testify and the two children of the deceased Malloy who did not testify are not entitled to damages for mental anguish.''

In support of their first point the appellants argue that there was sufficient proof of Heaggan's negligence to make a question for the jury, and we agree. Willie Jean Heaggan testified that she had just rounded a curve to the right at about 40 miles per hour and her car began to skid. She testified on deposition that she was familiar with the highway and knew that it was slick when wet; that when her automobile started skidding, she just decided to let the car go on to the right and into the ditch. She testified on deposition that just before the accident, and before her automobile started slipping, she noticed a car passing her and going in the opposite direction pretty fast. The appellant truck driver, Roberts, testified that as he followed the Heaggan vehicle, he observed it go out of control as

it rounded a curve; that he immediately touched his brakes and shifted to a lower gear and slowed down. He says that his truck responded to the application of the brakes and did not swerve any and he had no sensation of the trailer being out of control. He testified that the Heaggan vehicle began to fishtail back and forth across the highway and finally wound up in the ditch on the right side of the highway. He testified that he saw the lights of an oncoming car and immediately thereafter felt something hit his trailer. He testified that he had his truck and trailer under control and in its proper lane on its proper side of the highway when it was struck by the Malloy vehicle. Mr. Roberts testified, in part, as follows:

"Q. Mr. Roberts, you heard portions of your deposition read in evidence by Mr. Woods with reference to your testimony that the Heaggan vehicle crossed the center line of the highway?

A. Yes, sir.

Q. Now, how many times do you say that the Heaggan vehicle crossed the center line of the highway and got in the left-hand lane?

A. I would say more than once. I wouldn't say any particular number.

Q. More than once. Then you would have to say twice?

A. Twice or more, yes, sir.

Q. All right. Twice or more. If that's true, Mr. Roberts, can you explain to the ladies and gentlemen of the jury why there was no collision between the Comet automobile and the Heaggan automobile?

A. They just managed to miss one another is all I can say.

\* \* \*

Q. All right. Did the Heaggan automobile going out of control or fishtail, or whatever you want to call it, cause you to do anything in this accident?

A. It caused me to be involved, yes, sir.

Q. But how? What's [sic] what I want to know. How? Mr. Roberts, tell us how.

A. I think Mr. Malloy lost control of his car, because he thought the Plymouth was going to hit him.

Q. All right. You think that the Comet crossed the center line and hit your truck?

A. Yes, sir.

Q. All right. Do you know whether or not— Your tractor was on the proper side of the road when it passed the Comet?

A. Yes, sir.

Q. It was?

A. Yes, sir.''

The rule governing directed verdicts which has been consistently followed by this court, is set out in *Hawkins* v. *Missouri Pacific Railroad Company, Thompson, Trustee,* 217 Ark. 42, 228 S.W. 2d 642, as follows:

"A directed verdict for the defendant is proper only when there is no substantial evidence from which the jurors as reasonable men could possibly find the issues for the plaintiff. In such circumstances the trial judge must give to the plaintiff's evidence its highest probative value, taking into account all reasonable inferences that may sensibly be deduced from it, and may grant the motion only if the evidence viewed in that light would be so in-

substantial as to require him to set aside a verdict for the plaintiff should such a verdict be returned by the jury."

Also in *Smith* v. *McEachin,* 186 Ark. 1132, 57 S.W. 2d 1043, we said:

"In testing whether or not there is any substantial evidence in a given case, the evidence and all reasonable inferences deducible therefrom should be viewed in the light most favorable to the party against whom the verdict is directed, and, if there is any conflict in the evidence, or where the evidence is not in dispute but is in such a state that fairminded men might draw different conclusions therefrom, it is error to direct a verdict."

We are of the opinion that the jury could have logically concluded from the proof, including the circumstantial evidence in this case, that Mrs. Heaggan's speed was such on the wet and slippery highway that she was unable to keep her automobile under control and as a result it slid back and forth across the center line of the highway, thus confusing the driver of the oncoming automobile causing him to lose control of his automobile in an effort to avoid colliding with her skidding vehicle, and causing the oncoming Malloy automobile to cross the center line of the highway and collide with the appellants' truck trailer. We, therefore, hold that the trial court erred in directing a verdict for Mrs. Heaggan on the complaint and appellants' cross-complaint.

As to the appellants' second point, we certainly agree that the trial court erred in granting the Heaggan motion for a new trial. Arkansas Statutes Annotated § 27-1904 (Repl. 1962) provides as follows:

"The application for a new trial, except for the cause mentioned in subdivision 7 of section

452

1536 [§ 27-1901]* shall be made within fifteen [15] days after the verdict or decision was rendered, unless unavoidably delayed; provided, that if the time thus allowed for making such application expires after adjournment or expiration of the term, a motion for a new trial with an alternative prayer for an appeal to the Supreme Court in case it is overruled, may be presented upon reasonable notice to the opposing party or his attorney of record, to the Judge presiding when the verdict or decision was rendered, or his successor in office, wherever found, at any time within thirty [30] days from the day the verdict or decision was rendered . . .''

The verdict was rendered in this case on May 14, 1968, the motion for a new trial was filed on June 12, 1968, the motion was argued and granted on August 5, 1968, approximately three months after the verdict was rendered and over one month after the judgment thereon was filed for record and partially satisfied. At the hearing on the motion for a new trial, Mrs. Heaggan's attorney simply argued that the verdict was against the preponderance of the evidence and that if the original plaintiffs were entitled to recover against the appellants, then Mrs. Heaggan was entitled to recover also. The trial court gave no better reason for granting the motion, but simply stated: ''Motion sustained, and I am setting the verdict aside.''

The evidence, as presented to the jury from blackboard drawings not of record before us, may have convinced the jury that the truck trailer was on its wrong side of the center line of the highway where it was struck by the Malloy automobile. But be that as it may, the verdict in favor of the original plaintiffs against the appellants did not entitle Mrs. Heaggan to a favorable verdict on her cross-complaint. The rec-

*Arkansas Statutes Annotated § 27-1901, subdivision 7 pertains to newly discovered evidence.

ord reveals no reason for granting the Heaggan motion for a new trial, except that the jury found against her.

It is true that Dr. Hickey testified that Mrs. Heaggan had suffered a 7½% permanent partial disability because of strained neck muscles and a bruised chest, and the record reveals that he administered to her thirty-one OV injections at $8.00 each. Mrs. Heaggan's X-ray findings were all negative, she had fully recovered from an identical neck injury sustained about one year earlier, and she lost no time at all from her employment because of her last injuries. Mrs. Heaggan was not entitled to a verdict in her favor simply because she was injured; she was not entitled to a verdict in her favor simply because the original plaintiffs obtained one, and she was not entitled to a new trial unless the adverse verdict she received was against the preponderance of the evidence. A trial court has a great deal of discretion in controlling its judgments and in directing new trials, but has no authority to set aside a jury verdict arbitrarily and without reasonable cause. *Big Rock Stone & Material Co.* v. *Hoffman,* 233 Ark. 342, 344 S.W. 2d 585. The evidence is undisputed that the truck and trailer came to rest with the rear wheel of the trailer touching the rear of Heaggan's vehicle. The only damage to the rear of Heaggan's vehicle was a broken lens in one of the three left tail lights. Her doctor testified that her injuries included a bruise over the anterior chest wall and the front of her chest. His testimony as to the cause of appellee's injuries was as follows:

"Q. Doctor, I believe the testimony will be that Mrs. Heaggan was driving down the highway, that she was going 45-50 MPH and lost control of her car and ran off in the ditch on the right side of the road. Could that accident account for the injuries you found in this case?

A. Yes, sir, it could.

\* \* \*

Q. And this injury to the chest, that had to be from a forward motion of body?

A. Yes, that was where her body struck something in front of her.

Q. And went forward?

A. Yes, sir.

\* \* \*

Q. . . . [C]ould you say with a reasonable degree of medical certainty that this accident could have occurred either when she lost control of her car at 40 to 50 miles an hour, got off in the ditch, joustled around in the car, or she was hit from the rear, could you say with a reasonable degree of certainty either way?

A. It could have happened either way.

Q. You would just have to guess between the two possibilities to say which one in your opinion caused it?

A. Yes, sir."

On the basis of the testimony the trial court denied the appellants' motion for a directed verdict and presented the question to the jury, whose verdict was in favor of appellants. If the verdict had been returned otherwise, under the evidence presented, it would have been incumbent upon the trial court to then set it aside and enter a judgment for the appellants. This court has taken judicial notice of the physical facts based on common knowledge, that when an automobile is struck from the rear, the occupants are thrown backward instead of forward. *Ellsworth Brothers Truck Lines* v.

*Canady,* 245 Ark. 1055, 437 S.W. 2d 243. We hold that the trial court clearly abused its discretion in granting Mrs. Heaggan's motion for a new trial.

For their third point appellants assert that the evidence was not sufficient to allow the jury to consider damages for mental anguish for the four brothers and the sister of Adkins and the two children of the deceased Malloy who did not testify. We agree with the appellants on this point, not because these next of kin did not testify, but simply because there was no evidence on which a verdict for mental anguish could be permitted to stand.

In *Peugh* v. *Oliger, Admx.,* 233 Ark. 281, 345 S.W. 2d 610, this court said:

> "In *Hancock* v. *Western Tel. Co.,* 137 N.C. 497, 49 S.E. 952, 69 L.R.A. 403, the North Carolina Supreme Court said that there is a very material difference between disappointment and regret and that keen and poignant mental suffering signified by the words, 'mental anguish.' In short, the Legislature in allowing recovery for mental anguish, meant something more than recovery for the normal grief occasioned by the loss of a loved one. To be aggrieved or to be shocked by the death of a loved one is natural, but in order to recover under the Act No. 255, one must suffer more than the normal grief."

Mr. Malloy was apparently divorced from the mother of his children and the Malloy children had not seen their father but had completely lost contact with him for more than eight years prior to his death. We will not prolong this opinion by reciting the testimony pertaining to mental anguish, but suffice it to say there is absolutely no evidence in the record before us to indicate that appellees experienced more than normal grief in the loss of a loved one, and the appellees have

totally failed in the proof of such mental anguish as is compensable under the statutory and case law of this state. The judgment of the trial court is reversed and this cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.