FRANK B. FOLLETT *v.* VIVIAN JONES, AS ADMINI-
STRATRIX OF THE ESTATE OF CHAUNCY G. JONES,
DECEASED, AND VIVIAN JONES AND HAROLD JONES

5-5936                                   481 S.W. 2d 713

Opinion delivered June 26, 1972

*Jones & Segers,* for appellant.

*Charles L. Gocio* and *Donald B. Kendell,* for appellees.

FRANK HOLT, Justice. This is an action for wrongful death. The deceased, Chauncy G. Jones, was driving a pick-up truck when a collision occurred between it and a car driven by appellant. Jones sustained three non-displaced broken ribs, contusions, abrasions, and a blow to his head as a result of the accident. He was taken to a hospital where he died 17 days later. Prior to the date of the accident, Jones had regularly worked at his

job, and, also, on his farm. However, it is undisputed that on the date of the accident, unbeknownst to the deceased, he had terminal cancer of the lung. The cancerous condition was discovered from the x-rays taken to determine the extent of the injuries to his chest. An autopsy report listed the cancer as the cause of his death. A jury found, as alleged by appellees, that appellant was negligent in causing the accident and that appellant's negligence was the proximate cause of Jones' death. The jury awarded $3,867.89 damages to Mrs. Jones as administratrix and $8,000.00 to her individually. Damages were disallowed to appellee, Harold Jones, decedent's son. From a judgment on that verdict the appellant brings this appeal.

We first consider appellant's assertion for reversal that the trial court erred in not directing a verdict in his favor as to the wrongful death because the evidence failed to establish that the "accident was the proximate cause of the decedent's death." Medical testimony from two physicians was presented to establish that the death was proximately caused by the accident. One of the doctors testified that "the injuries received in the automobile accident hastened his death" and, further, the death was a result of "a combination" of the injuries and the cancer. However, decedent would have eventually died of the cancer had the accident never occurred. The other medical expert testified: "I believe that his injuries hastened his death." This evidence when viewed most favorably to the appellees, as we must do on appeal, is sufficient to present a question of fact for a jury's determination as the whether the accident proximately caused Jones' death. *Woodward* v. *Blythe,* 249 Ark. 793, 462 S.W. 2d 205 (1971), *Ellsworth Bros. Truck Lines* v. *Mayes,* 246 Ark. 441, 438 S.W. 2d 724 (1969); see, also, *Owen* v. *Dix,* 210 Ark. 562, 196 S.W. 2d 913 (1946).

We next consider appellant's contention that the jury's award for wrongful death is based upon speculation in that the record is void of any evidence relating to the "period of time that the accident shortened the life span of the decedent." Although the evidence as adduced is sufficient to present a jury question as to

proximate causation, there is no evidence as to decedent's normal life span or otherwise from which the jury could determine the relative time span that this accident "shortened" Jones' life. In the absence of such evidence the jury's award is without a reasonable basis and is, therefore, speculative. *Kapp* v. *Sullivan Chev. Co.,* 234 Ark. 395, 353 S.W. 2d 5 (1961). However, one expert witness was able to estimate medically the length of time that this cancerous condition had existed. Therefore, we are of the opinion that upon a retrial it is not impossible that the deficiency of proof as to decedent's "shortened" life span could be supplied. In such a situation a remand in law cases is proper. *Woodward* v. *Blythe,* 246 Ark. 791, 439 S.W. 2d 919 (1969); *St. L. S. W. Ry. Co.* v. *Clemons,* 242 Ark. 707, 415 S.W. 2d 332 (1967); *Marion Power Shovel Co.* v. *Huntsman,* 246 Ark. 152, 437 S.W. 2d 784 (1969). Medical science, like the law, is not an exact science. *American Life Insurance Co.* v. *Moore,* 216 Ark. 44, 223 S. W. 2d 1019 (1949).

Appellant, also, contends that the testimony was insufficient to allow a recovery for mental anguish. Appellant cites us to *Peugh* v. *Oliger, Admx.,* 233 Ark. 281, 345 S.W. 2d 610 (1961), where we held that in order to recover for mental anguish something more than normal grief occasioned by the loss of a loved one must be proven. In the case at bar we deem it unnecessary to discuss the sufficiency of the evidence to justify the award of $1,000 inasmuch as the cause is being remanded and because, upon retrial, the proof will likely be more definite as to the asserted deficiency.

Appellant, also, asserts that the court erroneously allowed testimony which was outside the scope of the pleadings. The appellees adduced testimony, in addition to physical injuries, about the latent existence of decedent's cancerous condition. The court limited the issue as to the alleged wrongful death to one of causation from the sustained injuries and would not permit the appellees to assert the unalleged aggravation of a preexisting condition. We find, as abstracted, no plea of surprise to this testimony nor a motion for continuance.

In the circumstances, we hold there is no prejudicial error in the court's action.

We have considered and find no merit in appellant's two other contentions; also, they are not likely to arise upon a retrial.

Inasmuch as the deficiency in the proof, as previously discussed, could possibly be supplied upon a retrial, the judgment is reversed and the cause remanded.

Reversed and remanded.