D. W. CRISP and Jim MOTHERSHED *v.* Ruth BROWN

CA 81-232                                              628 S.W. 2d 596

Court of Appeals of Arkansas
Opinion delivered March 3, 1982
[Rehearing denied March 24, 1982.]

*Richard L. Peel,* for appellants.

*James K. Young,* of *Young & Finley,* for appellee.

Tom Glaze, Judge. Appellant seeks to reverse the lower court's judgment for three reasons: (1) the court erroneously admitted into evidence the depositions of appellee and her husband, both of whom appeared and testified at trial; (2) the court should have directed a verdict on behalf of appellants at the close of appellee's proof and at the conclusion of the trial; and (3) the court's decision was clearly against the preponderance of the evidence.

Appellee brought this action against appellants for misrepresentations made in their sale of certain real property to appellee. In sum, appellee claimed she purchased appellants' property to use it as a mobile home park, a purpose for which appellants represented it could be used. After the purchase, appellee claimed it was not possible to place mobile homes on the property. Appellee subsequently sought and was awarded $2,500 damages against appellants for the alleged misrepresentation they made in connection with their sale of the property to appellee.

At trial, apparently to bolster her own testimony, appellee offered into evidence the pre-trial discovery depositions of appellee and her husband. Appellants objected to the introduction of the depositions, stating they contained hearsay testimony which was inadmissible. The trial court overruled appellants' objections and admitted both deposi-

tions. We believe the trial court erred, and in so doing, we must reverse and remand this cause for a new trial.

Rule 32 of the Arkansas Rules of Civil Procedure sets forth when and how depositions can be used in court proceedings. Section (a) (3) of Rule 32 provides the deposition of a witness, whether or not a party, may be used by any party for any purpose if any one of five conditions are found to exist by the court.[1] The record before us does not show, nor is it argued, that any of the five conditions contained in Rule 32 (a) (3) exist here so as to permit the introduction of the depositions of appellee or her husband. In fact, appellee and her husband were present in court when their depositions were introduced and admitted into evidence, and they both testified at the same proceeding. We are unaware of any rule which authorizes the use and introduction of depositions of witnesses under the circumstances existing here. From our own research, we find the procedure in most jurisdictions bars the use of the deposition as evidence in lieu of testimony if the witness is available to give firsthand oral testimony in court. See 3 B. Jones, The Law of Evidence, § 18.26 (Gard ed. 1972).

In the instant case, the depositions introduced were replete with inadmissible hearsay testimony. We also find that without the introduction of these depositions, appellee's attempt to otherwise prove actionable fraud or misrepresentation against appellants must fail. For instance, to support appellee's misrepresentation action, she was required to show appellants made representations that they knew to be false, or else, not knowing, they asserted them to

---

[1]Rule 32 (a) (3): The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of this state, unless it appears that the absence of a witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

be true. See *Fausett & Company, Inc.* v. *Bullard,* 217 Ark. 176, 229 S.W. 2d 490 (1950), and *Lane* v. *Rachel,* 239 Ark. 400, 389 S.W. 2d 621 (1965).

At trial, the in court testimony given by appellee and her husband established: (1) she purchased appellants' property for the purpose of placing mobile homes on it, (2) appellants represented the property was a great spot for mobile homes, (3) appellee relied on this representation which induced her to purchase the property, and (4) appellee subsequently claimed she could not place a mobile home on the property. No in court testimony or other admissible evidence was presented to show why appellee could not place mobile homes on the property. The appellee not only failed to show the cause which precluded her from placing the mobile homes on the property but, more importantly, failed to show such a cause existed at the time the alleged misrepresentation was made.

Appellee attempted to testify at trial that a man named Howard Porter had a percolation test conducted on the property. She said that the test results were not good, and therefore she could not get permission to put a septic tank on the property. The court ruled appellee's testimony concerning the percolation test was inadmissible. However, the depositions which the trial court admitted into evidence contained this same inadmissible evidence relating to the percolation tests. The primary purpose of appellants' objection to exclude these depositions was to avoid this very problem, *i.e.,* to exclude inadmissible hearsay evidence.

Although appellee argues the court did not rely on this evidence contained in the depositions, we are unable to reach that conclusion. The entire depositions of appellee and her husband were admitted into evidence and their hearsay testimony regarding the percolation tests were made a part of this record. In our review of this cause, the rule is well established that any error by a lower court is presumed to be prejudicial unless we can say with assurance that it was not prejudicial to the rights of the appellant. *Wallin* v. *Insurance Company of North America,* 268 Ark. 847, 596 S.W. 2d 716 (Ark. App. 1980).

Under the circumstances of this case, we are clearly of the view that appellee was not authorized to introduce into evidence her deposition or that of her husband. Since we believe that without these two depositions the remaining admissible evidence presented by appellee failed to show actionable fraud or misrepresentation, we must conclude that appellants were prejudiced by the wrongful introductions of the depositions.

Inasmuch as appellee could possibly supply upon a retrial the deficiency of proof we find in this review, we therefore reverse this cause and remand it for a new trial. See *Follett* v. *Jones*, 252 Ark. 950, 481 S.W. 2d 713 (1972).

Reversed and remanded.