Eugene Clyde ROGERS *v.* UNIVERSITY SERVICES
and SEARCY MEDICAL CENTER

CA 81-265                              629 S.W. 2d 319

Court of Appeals of Arkansas
Opinion delivered March 17, 1982

*S. Graham Catlett,* of *Catlett & Stubblefield,* for appellant.

*Raymond Harrill,* for appellees.

TOM GLAZE, Judge. This appeal arises out of appellees' suit against appellant on a debt which appellant claimed was barred by the statute of limitations. The trial court found that during the applicable three-year period of limitations one payment of $15 was made on appellant's account, which tolled the statute of limitations. The court entered judgment for appellees, and appellant raises two issues for reversal, but we need only consider appellant's first issue since it is dispositive of this case.

Appellant contends appellees failed to prove appellant ever recognized the debt since he did not make the $15 payment on the account or authorize or consent to such payment. We agree.

The facts are undisputed. The debt in question was for medical services rendered to appellant's wife during their marriage. Appellant and his wife later divorced, and apparently neither appellant nor his former wife assumed the responsibility for the debt owed appellees. As previously stated, appellant denied ever recognizing the disputed debt and no proof was offered to show that his former wife had recognized or paid on the account. On these facts, the trial court held appellant liable for the medical services on the bases that: (1) A husband is liable for the medical expenses incurred by and rendered to his wife; (2) An unauthorized and unratified partial payment on an account by one debtor tolls the statute of limitations and revives the debt as to the other obligors.

For appellees to prevail in this case, they were required to show that the $15 payment on the account was voluntarily made by appellant or his former wife or that either or both of them authorized or consented to such a payment. Accordingly, the law is well settled that a voluntary partial payment arrests the running of the statute of limitations, and forms a new period from which the statute must be computed. *Taylor* v. *White*, 182 Ark. 433, 31 S.W. 2d 745 (1930).

In the instant case, there is a dearth of evidence showing who actually made the $15 payment in question although appellees argue that the partial payment was "presumably" made by appellant's former wife. In its findings, the trial court did not draw such a presumption, and we believe rightly so in view of the evidence presented. If the court had done so, we believe it would have entered into the realm of conjecture or speculation. Since no one was identified as having made the $15 payment, the court could have just as easily speculated that appellees had made an error in crediting the account with such a payment.

We conclude that appellees did not sustain their burden of proving their claim since the trial court specifically found that the partial payment of $15 was made without the knowledge, authorization or consent of appellant and that it was unknown who actually made the payment.

Therefore, we reverse and remand. See *Crisp* v. *Brown*, 4 Ark. App. 208, 628 S.W. 2d 596 (1982).

Reversed and remanded.