COLONIAL LIFE AND ACCIDENT INSURANCE
COMPANY *v.* Ruth WHITLEY

CA 83-149                                      664 S.W.2d 488

Court of Appeals of Arkansas
Division I
Opinion delivered February 8, 1984
[Rehearing denied March 7, 1984.]

306

*Davidson, Horne, Hollingsworth, Arnold & Grobmyer, A Professional Association,* for appellant.

*Boswell & Smith,* by: *David E. Smith,* for appellee.

GEORGE K. CRACRAFT, Judge. Colonial Life and Accident Insurance Company appeals from a jury verdict awarding long term disability benefits to Ruth Whitley under a policy of insurance. It advances a number of points for reversal but we find sufficient merit in only one of them to warrant reversal. In view of the disposition we make of this case, however, we will address some of the other issues advanced because of the likelihood that they will arise in a retrial.

The policy in question insured appellee against loss resulting from accidental bodily injuries. The conditions of payment contained in the policy were as follows:

## PART A — TOTAL DISABILITY

If injuries as described in this policy are sustained by the Insured and within 30 days from the date of accident, independently of all other causes, wholly and continuously disable the Insured from performing any and every duty pertaining to his occupation, the Company will pay an indemnity for the period and at the rate shown in the Policy Schedule for "Initial Disability;" and thereafter, if the Insured is thereby continuously and totally disabled and prevented from engaging in any and every occupation or employment for wage or profit for which he may be qualified by reason of education, training or experience, the Company will pay a monthly indemnity for the period and at the rate shown in the Policy Schedule for "Long-Term Disability."

The policy schedule referred to above provided for the payment of $100 per month. The "initial period" prescribed was six months. The "long-term disability" was to be paid in the same amount for the next 10-1/2 years.

Under such policy provisions total disability benefits are provided for two separate and distinct conditions, i.e., 1) benefits are to be paid for a maximum of six months while the insured is totally and continuously disabled from performing the duties of his current occupation; 2) benefits are payable thereafter for so long as the insured is continuously disabled from performing the duties of *any* occupation for which he is reasonably qualified by reason of education, training and experience. *Continental Casualty Co.* v. *Davidson,* 250 Ark. 35, 463 S.W.2d 652 (1971). It is settled in this state that the words "wholly disabled" in his occupation do not mean that the insured must be absolutely helpless or unable to perform *all* of the substantial and material acts of his occupation. Our courts have adopted the rule that in determining whether one is wholly disabled it is

only necessary that it be shown that he is unable to perform *any one or more* of the substantial or material acts of his occupation in his usual and customary manner. *Continental Casualty Co.* v. *Davidson, supra; Avemco Life Ins. Co.* v. *Luebker,* 240 Ark. 249, 399 S.W.2d 265 (1966). Nor does the mere fact that one continues to work at his regular job establish a lack of disability. It is only a factor to be considered, and where an insured is able to continue his employment with the aid of his fellow employees or in some manner other than his usual and customary one, he may still be "disabled." *Franklin Life Ins. Co.* v. *Burgess,* 219 Ark. 834, 245 S.W.2d 210 (1952); *Benefit Ass'n of Ry. Employees* v. *France,* 228 Ark. 765, 310 S.W.2d 225 (1958).

Similar rules have been adopted with regard to the words "Wholly or totally disabled" in *any* occupation. It has been declared that one may be wholly disabled to perform the duties in *any* occupation if he is unable to perform *any one or more* of the substantial and material acts necessary to the prosecution, in the customary manner, of *any* occupation or business for which the insured is reasonably qualified by reason of his education, training and experience. *Continental Casualty Co.* v. *Davidson, supra.*

It is also well settled that policy provisions conditioning the right to payments for disability, to disability resulting within a specified time from the date of injury are valid, and that the issues of whether an insured is totally disabled and whether that disability resulted within the specified period are jury questions. *Business Men's Assur. Co.* v. *Selvidge,* 187 Ark. 1040, 63 S.W.2d 640 (1933); *Benefit Ass'n of Ry. Employees* v. *France, supra.* Under the policy here in issue the obligation to pay either the initial or long-term disability benefits did not arise unless the disability resulted within thirty days of the injury. On this point the appellant contends that, while there might have been sufficient evidence to support a finding that the appellee became disabled as a result of her accidental injury at *some* time, there was none to support a finding that it resulted within the time specified in the policy. It contends that the trial court should have granted its motion for directed

verdict and erred in submitting that issue to the jury. We agree.

A directed verdict is proper only when there is no substantial evidence from which a jury might determine an issue of fact. In determining whether there is substantial evidence to preclude the direction of a verdict the trial court must view the testimony and all reasonable inferences arising from it in the light most favorable to the party against whom the verdict is sought. *Dickerson Const. Co.* v. *Dozier,* 266 Ark. 345, 584 S.W.2d 36 (1979). In determining the sufficiency of evidence to sustain a verdict the same test is applied on appellate review.

When we view the testimony in that light we agree with the appellant that, although there was substantial evidence on which a jury might find that the appellee was ultimately disabled as a result of her injury, there was none to support a finding that it resulted within the initial thirty day period specified in the policy.

The appellee was a practical nurse employed at a state facility providing care for the aged. Her job required considerable lifting of patients, climbing stairs and other heavy physical labor such as lifting and stooping. She testified that before August 18, 1978 she was able to perform all of the duties without difficulty. On the night of August 18, 1978 while she was lifting an aged patient from his bed he fell on her, causing her to injure her knees. She experienced immediate pain and was seen at work that night by a staff doctor. She completed her shift and returned to her job on the next workday. As she continued to have pain in her knees another staff doctor prescribed a painkilling drug which she continued to take. She hoped that she would get better and continued to work her regular schedule at full wages. She stated, however, that her condition did not get better but "became progressively worse."

In March 1979 her condition had worsened to such an extent that she consulted Dr. Thompson who found that the fall had aggravated the symptoms of preexisting osteoarthritis to such an extent that she could not perform her

customary duties and advised her to terminate her employment. She immediately resigned and gave notice of her claim of injury to the appellant. The appellant promptly denied the claim, contending that her present disability had not resulted within thirty days of the accident as provided in the policy.

Appellant then brought this action in which she did not seek recovery of the initial benefits "because she had received full wages during that period." She sought only to recover those benefits which had accrued since she terminated her employment in March 1979. There was evidence that after her visit to Dr. Thompson her disabilities had progressed to a point where she is not unable to perform household duties or to engage in any employment.

Two of her supervisors testified that after her fall in August 1978 she returned to work and worked regularly until she quit work altogether. They testified that they observed her constantly during the workday and that she always satisfactorily performed all of her usual, customary duties.

Dr. Thompson testified that he first saw her in March 1979, and after his initial examination it was his opinion that she was disabled from the performance of her occupational duties as a result of osteoarthritis which is a progressive disease. It was his opinion that the osteoarthritis had preexisted the injury but was not symptomatic until the fall in August. Dr. Thompson, however, could say only that the condition which he diagnosed in March had become disabling at some time subsequent to the accident. He could not testify that appellee was disabled from the performance of her ordinary and customary duties in her usual manner during August and September of 1978 or that the disability resulted within thirty days of her injury.

If substantial evidence of that fact is to be found in the record it must be found in the testimony of appellee, who was the only other witness who testified. Counsel has not pointed out to us any testimony of the appellee which supplies this deficiency; our review of the record discloses

none. Although she testified to many things she could do before the accident that she could not now do there was nothing in her testimony indicating that her present disability resulted within the thirty day period. Her testimony was in essence that she continued to work in the belief that she would get better, but that her condition became progressively worse until she couild not do her work. In the absence of substantial evidence tending to establish, or from which a jury might draw a reasonable inference, that the ultimate disability suffered by the appellee resulted within thirty days of the accident, the jury's award is speculative and without reasonable basis.

Our ruling, however, does not necessarily require that the case be reversed and dismissed. In similar situations this court has adhered to the rule that where there is a simple failure of proof, justice requires that the court remand the case to allow the appellee an opportunity to supply the defect. Only where the record affirmatively shows that there can be no recovery on retrial should the case be dismissed in the appellate court. *Pennington* v. *Underwood*, 56 Ark. 53, 19 S.W. 108 (1892); *Follett* v. *Jones*, 252 Ark. 950, 481 S.W.2d 713 (1972); *Continental Geophys. Co.* v. *Adair*, 243 Ark. 589, 420 S.W.2d 836 (1967); *Crisp* v. *Brown*, 4 Ark. App. 208, 628 S.W.2d 596 (1982). We cannot say here that the record affirmatively shows that there could be no recovery.

We find no merit to appellant's argument that the trial court erred in not directing a verdict in its favor on grounds that appellee had failed to prove compliance with the notice provisions of the policy. The policy in question contained a requirement that written notice of claim be given to the company within sixty days after the occurrence or commencement of any loss covered by the policy, *"or as soon thereafter as is reasonably possible."* Appellant contends that the accident on which appellee bases her claim occurred in August 1978 and she did not give written notice of that claim until May 1979. Appellee testified that she experienced immediate pain as a result of the accident and saw a doctor at the hospital at that time. The doctor examined her but took no x-rays and did not inform her that she had received a serious injury. She testified that although she was taking

painkillers and the pain was severe she continued to work "because I thought I would get better where I could carry on my work but I got worse, continued to get worse." She testified that during the entire period from the date of the accident until she gave notice, she was unaware that she had received a disabling injury and did not know of it until it was diagnosed by Dr. Thompson. It was her testimony that after being notified of the true extent of her injury she immediately notified the appellant.

In *Benefit Ass'n of Ry. Employees* v. *France, supra,* our court declared that it was self evident that one could not give notice of a claim until he had learned of it. If it can be proved that during a specified period the insured did not know that he was suffering from a disabling injury until it was made known to him by his physician, the failure to notify within the stated time period is excused under a clause such as that contained in this policy. In *Pacific Mutual Ins. Co.* v. *Dupins,* 188 Ark. 450, 66 S.W.2d 284 (1934) and *Mutual Benefit Health & Accident Ass'n* v. *Bird,* 185 Ark. 445, 47 S.W.2d 812 (1932) the court stated that the purpose of the inclusion of the exception "or as soon thereafter as reasonably possible" is to excuse the filing within the prescribed period where it is shown that the insured was not aware of the full nature and extent of his injuries during that period. The question of whether a claimant gives notice "as soon thereafter as is reasonably possible" is a question of fact for the jury to determine. *Benefit Ass'n of Ry. Employees* v. *France, supra.* We find no error in the refusal of the trial judge to direct a verdict and in properly instructing the jury on this issue.

The appellant also contends that the trial court erred in refusing to direct a verdict in its favor for failure of the appellee to prove that she furnished timely proof of loss. The policy provided that the company would, upon receipt of notice of claim, furnish to the claimant forms for filing proof of loss. It further provided that if such forms were not furnished within fifteen days after giving notice the claimant shall be deemed to have complied with the requirements of the policy as to proof of loss within the time fixed in the policy upon furnishing written proof of the

occurrence and character and extent of the loss for which the claim is made. We find no error for two principal reasons. On May 9, 1979 after having seen Dr. Thompson appellee filed her notice of claim in which she gave written proof of the occurrence and the character and extent of the loss. The appellant promptly denied the claim but furnished no forms. An insurance company by its conduct or by written provision of its contract may waive the requirements of proof of loss. *Farmers Mutual Ins. Co.* v. *Denniston,* 237 Ark. 768, 376 S.W.2d 252 (1964). There was evidence from which the jury could have found that the filing of formal proof of loss had been excused under the provisions of the policy. Additionally we note that upon receipt of the notice filed by appellee the appellant promptly denied liability. It is settled that the denial of liability by the insurer is effective as a waiver of formal proof of loss. *Federal Life & Casualty Co.* v. *Weyer,* 239 Ark. 663, 391 S.W.2d 22 (1965).

Appellant also contends that there was error in other instructions given by the court. When we view the instructions as a whole, we find that there was no error. The cause is reversed and remanded for new trial.

MAYFIELD, C.J., and GLAZE, J., agree.