Claude R. JONES, Trustee for Bull Shoals Community
Hospital *v.* Robert R. HEMPEL

93-1216                                     873 S.W.2d 540

Supreme Court of Arkansas
Opinion delivered April 18, 1994

*Josh E. McHughes*, for appellant.

*Christopher O'Hara Carter, P. A.*, by: *Christopher O'Hara Carter*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Bull Shoals Community Hospital, through its trustee Claude R. Jones, appeals the judgment of Marion Circuit Court which determined that the suit against appellee, Robert R. Hempel, was barred by the two-year statute of limitations. Jurisdiction is proper in this court as it requires the interpretation of a statute, Ark. Code Ann. § 16-56-106 (1987). Appellee admittedly received medical services from appellant in May of 1987 and made no payment until March 6, 1992, in the amount of five dollars. Suit was filed on the balance owed, $1,097.50, on June 9, 1992, within two years of the date of the five-dollar payment. The Marion Circuit Court considered the above stipulated facts and determined the action was time-barred from the date of the services. This appeal resulted, and we reverse and remand.

Appellant argues that the trial court erred in determining that the five-dollar payment did not revive the debt and reactivate the two-year statute of limitations. Though this is a misstatement of the correct argument, we still hold for appellant because the trial court did err in its application of the statute of limitations. The applicable statute of limitations, § 16-56-106, states:

(a) No action shall be brought to recover charges for medical services performed or provided prior to April 1, 1985, by a physician or other medical service provider after the expiration of a period of eighteen (18) months from the date the services were performed or provided.

(b) No action shall be brought to recover charges for medical services performed or provided after March 31, 1985, by a physician or other medical service provider after the expiration of a period of *two (2) years from the*

*date* the services were performed or provided or from the date *of the most recent partial payment for the services, whichever is later.*

(emphasis added). This clearly means that a partial payment begins the running of the statute of limitations which was the date of the five-dollar payment, given the stipulated facts of the instant case.

Appellant cites *Rogers* v. *University Servs.*, 4 Ark. App. 264, 629 S.W.2d 319 (1982) for the proposition that partial payment starts the running of the statute of limitations anew. However, we need not reach the reasoning of that case, though recognizing that the *Rogers* case arrested and reactivated the statute of limitations before it had run. The instant case involves the initial period in which the statute runs, not revival after expiration.

■■ Appellee argues that public policy and the purpose of the statutes of limitation would be violated if this action were allowed to go forward. However, it is said in 54 C.J.S. *Limitations of Actions* § 264 (1987) that a voluntary part payment is an acknowledgement or admission of the existence of indebtedness which raises an implied promise to pay. Statutes should be given their plain meaning, and the plain reading of this statute makes it clear that the date from which to begin the two-year statute running in this case is the date of the voluntary five-dollar payment. Section (b) of the statute is clear. For this reason, we reverse and remand.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I concur. It has long been settled law in Arkansas that a partial payment will revive a debt barred by limitations, or form a new point from which the statute will begin to run. *Johnson* v. *Spangler*, 176 Ark. 328, 2 S.W.2d 1089 (1928) (this court held that a payment made after a note was barred revived the indebtedness and a new [limitations] period of five years began to run from the date of payment). In *McNeil* v. *Rowland*, 198 Ark. 1094, 132 S.W.2d 370 (1939), this court further stated that, where it has been established that sums of money were paid by a debtor to a creditor, the presumption is that the money so paid was intended as payment on the debt and not as gifts or donations. *Id.*

Here, appellee Robert R. Hempel received medical services from the appellant Bull Shoals Community Hospital during the month of May of 1987, but Hempel made no payments on his bill for services. After more than four years had passed from his receipt of medical services, Hempel volunteered a five-dollar payment to the hospital on his past services. Although the applicable two-year statute of limitations had run pertaining to Hempel's past medical services, his 1992 five-dollar payment revived the previously barred indebtedness. Ark. Code Ann. § 16-56-106 (1987).

For the above reasons, I agree with the majority to reverse.