AMERICAN INDEMNITY COMPANY *v.* HOOD.

Opinion delivered February 16, 1931.

*Reinberger & Reinberger,* for appellant.
*Danaher & Danaher,* for appellee.

BUTLER, J.   The cause was submitted to the court on an agreed statement of fact from which the following state of case appears:   The Jefferson Motor Company sold Adams an automobile and retained title until the balance of the purchase price, amounting to $448.20 was paid.   Immediately after his purchase of the car, Adams solicited from the appellant company a policy of insurance against loss by fire, etc., which policy he procured. Adams made payments to the Jefferson Motor Company

from time to time, so that in June, 1929, the amount due the Motor Company was reduced to $112.05, and on the 14th of said month the automobile was accidentally destroyed by fire.

The insurance company was notified of the loss and demand made for the sum of $448.20, the sum named in the policy. The insurance company denied liability except to the extent of the balance due on the purchase price which it tendered in settlement. The policy contains many provisions and is a lengthy document, which, when copied into the transcript, covers twenty-three pages, but only the insuring clause in the face of the policy, "section 9E" thereof, and an "indorsement" attached thereto is deemed relevant.

In the insuring clause in the face of the policy the company undertakes to insure Adams against loss by fire of the automobile for three-fourths of its value, not to exceed $448.20, loss payable to Adams and Jefferson Motor Company. Section 9E of the policy reads: "This policy is made and accepted subject to the provisions, exclusions and conditions and warranties set forth herein or indorsed hereon, and upon acceptance of this policy the insured agrees that its terms embody all agreements then existing between himself and the company," etc.

The "indorsement" provides that "in consideration of the premium at which the policy, to which this indorsement is attached, is written, it is hereby understood and agreed that the automobile described in the policy is being sold to S. B. Adams (herein referred to as the vendee), 1100 State Street, Pine Bluff, Arkansas, blacksmith, on the deferred payment plan, but it is the intent of this policy to protect only the interest of Jefferson Motor Company (mortgagee).

"It is also understood and agreed that the liability of the company under this policy shall be automatically reduced by the amount of each payment until the car is fully paid for, at which time the company's liability shall

cease, said liability in no event to extend beyond the expiration date set forth in the policy.  *  *  *

"This indorsement, when countersigned by a duly authorized agent of the company and attached to policy No. 85047, issued to S. B. Adams, shall be valid and form a part of said policy."

If the clause in the face of the policy insuring Adams against loss for the destruction of the automobile is valid and controlling when the indorsement aforesaid is considered, then the judgment of the court below is correct. If, however, that clause is nullified by the indorsement above quoted and its terms prevail, then the contention of the appellant must be sustained. The question then is which of the two controls?

It is stated as a general rule in 14 R. C. L., p. 934, and in 26 C. J. (Fire Insurance) § 72, that a "slip" or "rider" will be construed in connection with printed provisions of the policy and the entire contract harmonized if possible, but, if there is an irreconcilable conflict, the slip or rider will control, and these statements are relied upon by the appellant in support of the position taken by it. The cases cited by the authors to support the declaration of the text are from some of the Federal District Courts and from courts of a few of the States. 92 Fed. 111; 55 *Ib.* 238; 34 *Ib.* 501; *German Ins. Co.* v. *Churchill,* 26 Ill. A. 206; *Mixon* v. *St. Paul F. & M. Ins. Co.,* 147 La. 302, 84 So. 790; *Jackson* v. *Orient Ins. Co.,* 106 Mich. 57, 63 N. W. 968; *Haws* v. *Phila. F. Assn. Co.,* 114 Pa. 431, 7 Atl. 759; *Couch* v. *Home Pro. F. Ins. Co.,* 32 Tex. Civ. Appeals 44, 73 S. W. 1077.

These cases, however, seem to have enunciated the rule as applying where the provision overruled by the rider was wholly printed and the rider written, basing this rule on that other well-recognized one in the construction of contracts that, in case of conflict between written and printed portions of an instrument, the writing will be presumed to represent the intent of the parties as against the printed portions. This rule was recognized

by this court in the case of *Planters' F. & C. Co.* v. *Columbia Cotton Oil Co.*, 126 Ark. 19, 189 S. W. 166; where the reason is given that the written words are the immediate language and terms selected by the parties themselves for the expression of their meaning, and should therefore control where there is conflict with the printed portions of the contract.

In the case at bar not all of the conflicting clauses were written, nor were they wholly printed. It is obvious that both are printed forms with blank spaces for the insertion of names, dates and the like. Therefore, there does not here appear the reason for the rule as broadly stated in 14 R. C. L. and 26 C. J., *supra,* and, as representing the intent of the parties, they are of equal dignity. This brings into the construction of the policy the settled rule that its provisions must be harmonized, if possible, but in case of doubt the provisions will be construed most strongly against the insurer and in favor of the insured. From an examination of the history of the adoption of this rule and of the instruments themselves, the reasons are patent and contains the belief that the terms of the instruments were not formulated by the insurers for the purpose of clearly informing the insured of the true extent of his protection or the limitations on their liability, but rather chosen with particular reference to their own interests. This is apparent from an inspection of the policy at hand with its involved phraseology and the numerous exceptions, conditions, and ambiguous provisions. There are two provisions which apparently conflict, but, on careful consideration, it might be said that there were two purposes sought to be effectuated by the contract; one, that Adams was to be protected for three-fourths of the value of the car, not to exceed the amount stated in the policy, and the other, that Jefferson Motor Company (Hood) should be protected to the extent of the balance of the purchase price due on the car. Taking the language of the insuring clause in the face of the policy alone, it is Adams who is insured, but the loss is

made payable to him and the Jefferson Motor Company, the amount to be paid to each not being disclosed; but, by the attached indorsement this uncertainty is removed, and it is there that the extent of the motor company's interest appears. We are not at liberty to consider any one clause or statement in either the insuring clause or in the indorsement, and with that as the basis construe the policy with respect to the rights and liabilities of the parties, but the language of the entire policy must be considered, and, thus considered, the conflict is more apparent than real. By the terms of the insuring clause the right of Adams is established; by the terms of the indorsement the extent of the motor company's interest is ascertained.

Since the indorsement was printed, the rule announced in *Planters' F. & C. Co.* v. *Columbia Cotton Oil Co., supra,* does not apply as the insuring clause on the front page of the policy and the indorsement attached to the back of same, are of equal dignity, as we have seen, then in the event of a conflict which could not be harmonized, the policy must be construed in favor of the insured, and the first provision must prevail over a later one. This does not contravene the doctrine of *National Union Fire Ins. Co.* v. *Avant,* 167 Ark. 307, 268 S. W. 20, and is supported by *Great American Cas. Co.* v. *Williams,* 177 Ark. 87, 7 S. W. (2d) 775, and *Leader Co.* v. *L. R. Ry. & Electric Co.,* 120 Ark. 221, 179 S. W. 358.

In this case, if it had been the intention of the insurer not to protect Adams in any event against loss, it could have plainly said so in the insuring clause, but, instead, in plain and unambiguous language, it insured him against the loss of his automobile by fire which contract it must make good.

The judgment of the trial court is correct, and it is therefore affirmed.

SMITH, J., concurs in the judgment; KIRBY, J., dissents.