AVEMCO. LIFE INS. CO. *v.* LUEBKER

5-3790                                          399 S. W. 2d 265

Opinion delivered February 21, 1966

*Smith, Williams, Friday & Bowen* and *Boyce R. Love,* for appellant.

*McMath, Leatherman, Woods & Youngdahl* and *A. E. Townsend, Jr.,* for appellee.

OSRO COBB, Justice. Upon trial to a jury, appellee recovered judgment against appellant for total disability benefits under a certain sick and accident policy issued to appellee by appellant. For reversal appellant urges the following four points:

No. 1.   The verdict is not supported by the evidence.

No. 2.   In the alternative, the appellee is at most partially disabled and the judgment should be reduced accordingly.

No. 3.   It was error for the court to give plaintiff's requested Instruction No. 3.

No. 4.   It was error for the court to give plaintiff's requested Instruction No. 4.

Appellant's Points 1 and 2 relate to the evidence and we discuss these points jointly.

The record reflects that appellee's disabilities stem from injuries to his back while lifting a heavy sack of farm produce and from chronic inflammation of the veins of his legs. On three occasions blood clots have broken loose in the diseased veins, resulting in pulmonary embolisms that endangered the life of appellee. Appellee's doctors testified that his condition is inoperable because of the grave risk as to his survival. Indeed, it appears that his survival now depends upon maintaining a delicate balance as to his over-all activities. Complete inactivity is contra-indicated for his serious circulatory problem, and over-activity is likewise contra-indicated as it could cause further blood clots to break loose and enter appellee's blood stream. Appellee and his wife were the only witnesses to testify concerning appellee's actual activities during the period involved in this action. This testimony was to the general effect that appellee had been forced by his physical condition to surrender the entire management of his farm enterprises to his sons; that his sole contribution to the operation of the farm properties was that of signing the notes for the necessary financing for the farm operations; that under the advice of his attending physicians he took short walks interspersed with rest, short trips in his farm truck, usually driven by his wife, went to church each week and attended lodge meetings. Appellee further testified that he was totally disabled from per-

forming his customary duties in relation to the operation of his farm properties.

Appellant produced no witnesses to traverse the appellee's testimony as to his activities during the period of time here involved.

Appellee's contentions as to his total disability as to the performance of his usual and customary duties in operating his farm properties were well supported by the testimony of his physicians. Dr. Joseph Buchman, of Little Rock, a physician and surgeon, testified:

> "He [appellee] could not perform the usual and customary work as I know it, he just couldn't do it." (Tr. 38)

On cross examination, Dr. Buchman testified:

> "Yes, sir, I would say as for a farmer though he [appellee] is 100% disabled." (Tr. 41)

There was much other evidence introduced in support of appellee's contentions as to his total disability but we do not deem it necessary to relate same in this opinion.

We have concluded that there was substantial evidence adduced in this case to support the verdict of the jury. This holding is consistent with our previous holdings in *Alexander* v. *Mutual Benefit Health & Accident Assoc.*, 232 Ark. 348, 336 S. W. 2d, 64; *Franklin Life Insurance Co.* v. *Burgess,* 219 Ark. 834, 245 S. W. 2d 210; *Aetna Life Insurance Co.* v. *Spencer,* 182 Ark. 496, 32 S. W. 2d 310; *Monarch Life Insurance Co.* v. *Riddle,* 193 Ark. 572, 101 S. W. 2d 781.

*Appellant's Point No. 3*

Appellant urges that any proper instruction as to total disability should contemplate such a state of disability as to prevent the insured from performing *all*

(rather than *any*) of the substantial and material acts necessary to the prosecution of his business. In earlier cases decided by this court we substantially followed the position taken by appellant. However, in more recent cases we have approved such an instruction as that given by the court in this case, using the word "*any*." See *Franklin Life Insurance Co.* v. *Burgess,* supra; *Alexander* v. *Mutual Benefit Health & Accident Assoc.,* supra. We adhere to the more liberal rule and approve the instruction as given.

We therefore conclude that the contentions of appellant as to Point No. 3 are without merit. In doing so, we have not overlooked contentions of appellant with reference to the clause in the subject policy as to personal escort, same having been fully set forth in appellant's own Instruction No. 4 which was given by the court.

*Appellant's Point No. 4*

The challenged Instruction follows:

"If you find from the testimony that Plaintiff Albert Luebker, was advised by reputable physicians that, in the treatment of his condition, it was desirable for him to do a reasonable amount of walking and it was permissible for him to drive a motor vehicle for short distances, and that by virtue of this advice he walked approximately ¼ of a mile a day, around his farm, and that he sometimes drives his pickup truck from his home for distances ranging from a few hundred yards to a mile to carry lunch to his two sons at such times as they are working in the fields and that on a few occasions he went driving alone from his farm to Stuttgart and once or twice to England, you are instructed that such activity on the part of the plaintiff, Albert Luebker, would not be in conflict with the definition of "total disability" as given in said policy and plaintiff, Albert Luebker, would be entitled to recover on said policy, even though he may

have engaged in such activities, provided he has complied with the other terms and conditions of the policy.''

This Instruction has given the court considerable concern. It is patterned to a large extent after an instruction approved by us in *Mutual Benefit Health & Accident Assoc.* v. *Murphy,* 209 Ark. 945, 193 S. W. 2d 305. This Instruction, however, is more loosely written than the one approved in the *Murphy* case, supra.

It will be noted in reviewing subject Instruction that all of the detailed acts of appellee referred to in the latter portion of the Instruction are clearly activities which are embraced within the general scope of the recommended activities for appellee in the uncontradicted testimony of his attending physicians. While all of the activities enumerated in the Instruction stayed well within the general scope of such recommended activities, some were those testified to by appellee and were not specifically set forth by the physicians in their testimony. We think it would have been better for the Instruction to have been so worded as to confine same, in relation to the evidence in the case, to the recommendations of the attending physicians as to appellee's activities; the attempted or actual performance of such recommended activities by appellee; and the legal effect of performing such activities in relation to his claim for total disability benefits under the provisions of his insurance policy.

We have concluded, with very considerable reluctance, and largely because of the *Murphy* case, supra, that the giving of this Instruction did not constitute reversible error. The bar will take notice, however, that cases tried subsequent to this opinion will be examined by us in the light of the recommendations herein contained.

Having found no error in the trial of this case warranting a reversal thereof, judgment of the lower court is affirmed.

An attorney's fee in the sum of $300 is awarded to appellee's counsel for services in connection with the appeal in this court, same to be taxed as part of the cost as provided in Ark. Stat. Ann. § 66-3238 (Repl. 1966).

Affirmed.