CONTINENTAL CASUALTY COMPANY *v.*
ROBERT H. DAVIDSON

5-5475                                     463 S. W. 2d 652

Opinion delivered March 1, 1971

*Rose, Barron, Nash, Williamson, Carroll & Clay,* for appellant.

*McMath, Leatherman & Woods,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant asserts that the circuit court's instructions defining total disability were erroneous, in the light of the policy on which appellee sued. We find reversible error in that regard.

A review of the evidence would serve no useful purpose. It is sufficient to say that there was evidence sufficient to support a finding of total disability whether the court's definition or appellant's is used. The pertinent policy provision is as follows:

> TOTAL DISABILITY. When, as the result of injury and commencing within thirty days after the date of the accident, the Insured is wholly and continuously disabled and prevented from performing each and every duty pertaining to his occupation, the Company will pay periodically the Monthly Indemnity stated in the Schedule for the period the Insured is so disabled, not to exceed twelve consecutive months. Subject to the "Maximum Period Total Disability Accident Indemnity" stated in the Schedule and after the payment of Monthly Indemnity for twelve months as aforesaid, the Company will continue the periodic payment of Monthly Indemnity so long as the Insured is wholly and continuously disabled and prevented by reason of said injury from engaging in each and every occupation or employment for wage or profit for which he is reason-

ably qualified by reason of education, training or experience.

It is conceded that appellant paid total disability benefits to appellee for more than 12 months prior to September 17, 1968. Appellee then sued for benefits from that date until the date of trial and recovered judgment for these payments at the policy rate of $100 per month with statutory penalty and attorney's fees. As one of its defenses appellant denied that appellee was permanently disabled so that in the future he would be unable to return to his former employment or engage in any occupation for wages or profit.

The circuit judge gave only the following instruction defining total disability:

> You are instructed that the provisions of the policy which I have quoted relating to disability do not mean a state of absolute helplessness. But they mean that, if there was any substantial and material acts necessary to be done pertaining to his occupation that he could not perform in the usual and customary way, he would be totally disabled within the meaning of this policy.

Appellant objected because the instruction would preclude the jury from considering appellee's ability to engage in any occupation for which he was reasonably qualified by reason of education, training and experience, other than his previous occupation.

Appellant offered, and the court refused, the following instructions pertaining to total disability:

## NO. 2

The term "total disability," as contemplated by an accident insurance policy such as the one sued on in this case, does not mean what a literal reading would require, that is, a state of absolute helplessness, but rather contemplates such a disability as renders the insured unable to perform all the sub-

stantial and material acts necessary to the prosecution, in a customary manner, of any occupation or business for which the insured is reasonably (R. 94) qualified by reason of his education, training and experience.

## NO. 5

You are instructed that even though you believe from the evidence in this case that the plaintiff is and has been unable to return to his former occupation with the Missouri Pacific Railroad, yet if you further believe from the evidence that the plaintiff has not been prevented as a result of his injury from performing all the substantial and material acts necessary to the prosecution, in a customary manner, of any occupation or business for which he is reasonably qualified by reason of his education, training or experience, then the Court instructs you that the plaintiff would not be entitled to the benefits for which he is suing, and your verdict should be for the defendant.

Appellant concedes that the instruction given by the court would be correct were it not for the fact that total disability benefits are payable under two different conditions, *i. e.*: (1) benefits for a maximum of 12 months while the insured was totally disabled from performing any substantial and material duties of his *former* occupation; and (2) benefits thereafter so long as the insured is disabled from performing the material duties of *any* occupation for which he is reasonably qualified by reason of education, training and experience. We agree with appellant that all our previous cases, save one, have dealt with policies that were substantially similar, but which did not have two separate and distinct categories for payment of disability benefits. While the one exception involved only the question of liability for total disability in the usual sense, it was clearly recognized there that different considerations might have been involved had liability in the second category set out above been in issue. See *Franklin Life Insurance Company* v. *Burgess*, 219 Ark. 834, 245 S. W. 2d 210.

Part I of the policy there involved entitled the insured to monthly benefits for a maximum of 12 months while prevented by illness or injury from performing each and every duty pertaining to his occupation. Thereafter, the payments were to be continued so long as the insured should be wholly, necessarily and continuously disabled and prevented by such injury or illness from engaging in any occupation for wages or profit. In reducing the amount of attorney's fees allowed, the court noted that we had previously approved fees in excess of the amount of recovery in similar cases where the determination of questions involved also determined the liability of the insurance company for future disability payments. We said:

> It is noted that the second paragraph of Part I of the policy provides for payment of monthly indemnity after the twelve-month period provided in paragraph one on certain conditions and uses language somewhat different from that employed in the first paragraph. It is true that a recovery in the present suit preserves appellee's right to seek further recovery for future installments under paragraph two, but it does not establish a right to future payments after the twelve-month period or determine appellant's liability therefor.

While this language does not constitute binding authority for appellant's argument, it is clear recognition that the language in that policy defined two entirely different bases for liability for total disability. The language of the policy here is strikingly similar. If the words in the two clauses of each of the respective policies defining the total disability meant the same thing, then nothing short of recovery by the insured would prevent a judgment under the first clause from being res judicata as to future liability under the second clause. Such a result does not seem to be a sensible one in light of the disparate language of the two clauses. In construing a contract, even one for insurance drawn by the insurer, we must assume that the use of different language to define different obligations was deliberate and accompanied by an intention to convey different

meanings rather than the same one. Different clauses of a contract must be read together and the contract construed so that all of its parts harmonize, if that is at all possible, and, giving effect to one clause to the exclusion of another on the same subject where the two are reconcilable, is error. *Kelsey and Fletcher* v. *Brown and Hackney,* 165 Ark. 613, 264 S. W. 930; *American Indemnity Co.* v. *Hood,* 183 Ark. 266, 35 S. W. 2d 353. A construction which neutralizes any provision of a contract should never be adopted if the contract can be construed to give effect to all provisions. *Fowler* v. *Unionaid Life Ins. Co.,* 180 Ark. 140, 20 S. W. 2d 611. What we said in *Fowler* is particularly appropriate here, viz:

> It is also a well-settled rule in construing a contract that the intention of the parties is to be gathered not from particular words and phrases but from the whole context of the agreement. In fact, it may be said to be a settled rule in the construction of contracts that the interpretation must be the entire instrument and not merely on disjointed or particular parts of it. The whole context is to be considered in ascertaining the intention of the parties, even though the immediate object of inquiry is the meaning of an isolated clause. Every word in the agreement must be taken to have been used for a purpose, and no word should be rejected as mere surplusage if the court can discover any reasonable purpose thereof which can be gathered from the whole instrument. The contract must be viewed from beginning to end, and all its terms must pass in review, for one clause may modify, limit, or illuminate the other. Taking its words in their ordinary and usual meaning, no substantive clause must be allowed to perish by construction, unless insurmountable obstacles stand in the way of any other course. Seeming contradictions must be harmonized, if that course is reasonably possible. Each of its provisions must be considered in connection with the others, and, if possible, effect must be given to all.

The rights and liabilities of the parties to an in-

surance contract must be determined by considering the language of the entire policy. *American Indemnity* v. *Hood,* supra. Legal effect must be given to all the language used, and the object to be accomplished by the contract should be considered in interpreting it. *Aetna Life Insurance Company* v. *Spencer,* 182 Ark. 496, 32 S. W. 2d 310. Whatever the construction of a particular clause standing alone may be, it must be read in connection with other clauses limiting or extending the insurer's liability. *Aetna Casualty & Surety Co.* v. *Sengel,* 183 Ark. 151, 35 S. W. 2d 67. In considering the phraseology of an insurance policy the common usage of terms should prevail when interpretation is required. *National Investors Fire & Casualty Co.* v. *Preddy,* (March 23, 1970), 451 S. W. 2d 457.

When we read the clear language of the two sentences of the total disability clause, giving their terms the meaning ascribed by common usage, the intention to describe two different types of total disability is inescapable. Whatever construction we might give the language of the second sentence describing total disability if it stood alone, when both clauses are read together we simply cannot say that it was contemplated that they define the same kind of disability. Consequently, appellant's specific objection was well taken and the instruction was incorrect for the reason stated by appellant. Therefore, we must reverse the judgment and remand the case for new trial.

It does not follow, however, that appellant's offered instructions must be given. While the giving of one of them might not be error, it can be said that both are ambiguous in that they would require appellee to be unable to perform *all* the substantial and material acts necessary to the prosecution, in a customary manner, of any occupation or business for which the insured is reasonably qualified by reason of his education, training and experience. It is only necessary that he be unable to perform *any* of such acts in order to qualify for benefits. *Avemco Life Insurance Company* v. *Luebker,* 240 Ark. 349, 399 S. W. 2d 265, 21 A. L. R. 3d 1378; *Alexander* v. *Mutual Benefit Health & Accident Assn.,*

232 Ark. 348, 336 S. W. 2d 64; *Franklin Life Insurance Co.* v. *Burgess*, 219 Ark. 834, 245 S. W. 2d 210. We clearly expressed a preference for an instruction using the word "any" in *Avemco*. If the words "any of" had been substituted for "all" in the offered instructions, appellant would have clearly been entitled to have one of them given. While both would then appear to be correct, appellant's requested instruction no. 2 would be preferable because it is more in keeping with our per curiam order of April 16, 1965, requiring that instructions not covered in AMI, Civil, be simple, brief, impartial and free from argument.

In passing, we note that appellant's failure to request a correct instruction on the issue of total disability does not bar him from relief on appeal because he made a specific objection pointing out the respects in which the instruction given was an erroneous declaration of law. *Collier Commission Co.* v. *Wright*, 165 Ark. 338, 264 S. W. 942.

In view of the disposition we make, we do not reach appellant's point as to the amount of attorney's fees allowed appellee.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.