

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-1061

| | |
|---|---|
| ACCEPTANCE INDEMNITY INSURANCE COMPANY<br>APPELLANT | **Opinion Delivered** June 4, 2014<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[No. CV-11-522] |
| V. | |
| SOUTHWEST ARKANSAS ELECTRIC COOPERATIVE CORPORATION and CHARLES GLOVER<br>APPELLEES | HONORABLE JOE E. GRIFFIN, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

This case presents a single issue for appeal relating to the appropriate interpretation of an insurance policy. Specifically, we consider whether a portion of the policy's exclusion language unambiguously excludes coverage, thereby rendering the circuit court's grant of summary judgment against the insurer erroneous. After a careful review of the facts of the case and the law of contract, we hold that because the contract at issue presented an ambiguity in its stated purpose and its exclusionary language, coverage was required and affirm the circuit court.

Appellee Charles Glover's employee, Robert Duran, suffered an electrical injury in the course of his employment with Glover (doing business as Glover Trenching and Backhoe) while performing work for appellee Southwest Arkansas Electric Cooperative Corporation. Prior to the work, in February 2009, Glover and Southwest entered into a Special Services Contract (SSC) under which Glover agreed to defend, indemnify, and hold Southwest harmless for all claims "to all persons" and "including Glover's employees" arising from the contract. In order

to fulfill his obligation under the SSC, Glover purchased a policy of commercial general-liability insurance (CGL) with appellant Acceptance Indemnity Insurance Company ("Acceptance").

The Acceptance policy provided coverage for bodily injury for which the insured was obligated to pay damages by reason of assumption of liability in an "insured contract." The policy defined "insured contract" as any contract or agreement pertaining to your business "under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization."

Another provision of the policy, the "Action Over Exclusion," stated in relevant part:

This exclusion applies:

(1)     Whether any insured may be liable as an employer or in any other capacity; and

(2)     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Duran later sued Southwest for negligence for injuries he sustained when he was electrocuted by Southwest's transformer. Southwest filed a third-party complaint against Glover, claiming that Glover was negligent and thus responsible for Duran's injury and that Glover had to indemnify it pursuant to the terms of the SSC. Glover sought coverage pursuant to his CGL policy; however, Acceptance denied coverage pursuant to the Action Over Exclusion contained in an addendum to the CGL policy.

Glover filed a declaratory-judgment action asking the circuit court to declare that his policy with Acceptance obligated it to defend Glover in the lawsuit and indemnify him for any loss. Acceptance answered, denying that the policy was furnished to fulfill Glover's SSC

obligations; denying that it was aware of Glover's SSC with Southwest; and denying that it assumed any of the SSC's obligations.

Southwest also filed a petition to intervene in the action. Acceptance protested the intervention; however, the court granted it on May 14, 2012, and Southwest's complaint was filed on May 22, 2012, in which it also sought to find insurance coverage for Glover. On May 20, 2013, Southwest filed for summary judgment, contending that an ambiguity in Glover's policy with Acceptance resolved coverage in favor of Glover. Acceptance responded with its own brief and also filed for summary judgment.

On August 20, 2013, the court ordered Acceptance to participate in a mediation of Duran's lawsuit against Southwest. On September 5, 2013, the circuit court entered an order of declaratory judgment where it adopted Southwest's proposed interpretation of the policy, finding the burden was on Acceptance to prove an exclusion applied to Glover's claim and also that an ambiguity must be construed against the insurer and in favor of the insured. The circuit court also found Acceptance's interpretation of the policy to be unreasonable because it left a gap in coverage and would make it impossible for businesses to obtain coverage for contractual indemnity. The court then granted Glover's and Southwest's motions for summary judgment. Acceptance filed its timely notice of appeal on September 9, 2013, disputing the circuit court's interpretation of the insurance policy.

The law regarding the interpretation and construction of an insurance policy is well settled in this state. The language in an insurance policy is to be construed in its plain, ordinary, and popular sense. *Norris v. State Farm Fire & Cas. Co.*, 341 Ark. 360, 16 S.W.3d 242 (2000). If the language is unambiguous, effect will be given to the plain language of the policy without

3

SLIP OPINION

resorting to the rules of construction. *Id.* at 360, 16 S.W.3d at 243. "In considering the phraseology of an insurance policy the common usage of terms should prevail when interpretation is required." *Cont'l Cas. Co. v. Davidson*, 250 Ark. 35, 42, 463 S.W.2d 652, 655 (1971). On the other hand, if the language is ambiguous, this court will construe the policy liberally in favor of the insured and strictly against the insurer. *Id.* at 42–43, 463 S.W.2d at 655. Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation. *Id.* at 43, 463 S.W.2d at 655–56.

Different clauses of an insurance contract must be read together and the contract construed so that all of its parts harmonize, if that is at all possible; giving effect to one clause to the exclusion of another on the same subject where the two are reconcilable is error. *Id.* at 43, 463 S.W.2d at 656. A construction that neutralizes any provision of a contract should never be adopted if the contract can be construed to give effect to all provisions. *Id.* at 43, 463 S.W.2d at 656 (citing *Fowler v. Unionaid Life Ins. Co.*, 180 Ark. 140, 145, 20 S.W.2d 611, 613 (1929) ("Every word in the agreement must be taken to have been used for a purpose, and no word should be rejected as mere surplusage if the court can discover any reasonable purpose thereof which can be gathered from the whole instrument.")).

There are two possible interpretations of the policy at issue. The first is that there is no ambiguity when read together and that the "Action Over Exclusion" permits no recovery for bodily injury to an employee of the insured, regardless of the remaining provisions (and stated purpose) of the policy. This interpretation unreasonable fails to give meaning and effect to the entire policy. Furthermore, under this interpretation the stated object of the policy is not accomplished.

The second approach is that the police provides no coverage for an employee injured in the course of employment *unless* the claim was made pursuant to an "insured contract." Thus, the injured employee has no right to damages unless his employer is bound by contract to indemnify another. This reading gives meaning and effect to all provisions and allows for the coverage that the general policy claimed to provide. And it is well settled that where an interpretation that would justify coverage is reasonable, it is our duty to interpret it that way. *Ark. Farm Bureau Ins. Fed'n v. Ryman*, 309 Ark. 283, 831 S.W.2d 133 (1992).

In this case, when the "Action Over Exclusion" and the "insured contract" provisions of the contract are read together, they create an ambiguity, which must be construed in favor of the insured. As such, we affirm the circuit court's grant of summary-judgment against Acceptance.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Waddell, Cole & Jones, P.A.*, by: *Shane Baker* and *Justin E. Parkey*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *James C. Baker, Jr.*, and *Kimberly D. Young*, for appellee Southwest Arkansas Electric Cooperative Corporation.

*The Potter Law Firm*, by: *Thomas A. Potter* and *Joshua L. Potter*, for appellee Charles Glover, Jr.