Cite as 2024 Ark. App. 301

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CV-22-760

| | |
|---|---|
| SOUTHERN PIONEER PROPERTY AND CASUALTY INSURANCE COMPANY<br><br>APPELLANT<br><br>V.<br><br>TROY SHARRAH D/B/A A-1 AUTO SALES; ALLEN AULTMAN; AND JOHN Q. HORTON<br><br>APPELLEES | Opinion Delivered May 8, 2024<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CV-22-13]<br><br>HONORABLE CANDICE A. SETTLE, JUDGE<br><br>AFFIRMED |

**CINDY GRACE THYER, Judge**

Southern Pioneer Property & Casualty Company ("Southern Pioneer") appeals an order of the Crawford County Circuit Court denying its motion for summary judgment and declaring that Southern Pioneer owed a duty to provide coverage and to defend pursuant to an insurance policy issued to appellee Troy Sharrah. At issue is the interpretation of a condition contained in the policy. Because we agree with the circuit court that the policy language is ambiguous, thus requiring us to construe the policy in favor of the insured, we affirm.

I. *Factual and Procedural Background*

On December 22, 2018, John Horton was painting an antique pickup truck at Sharrah's place of business, A-1 Auto Sales & Salvage. While Horton was using an air hose

to paint the truck, Allen Aultman, an employee of A-1 Auto, tripped over the hose, causing Horton to fall from the truck. Nearly three years later, on November 19, 2021, Horton filed a personal-injury complaint against Sharrah, A-1 Auto, and Aultman. Sharrah, who owned a "Garage Coverage Insurance Policy" issued by Southern Pioneer, contacted his insurer on December 14, 2021, to inform it about the lawsuit.

Subsequently, and under a separate docket number, Southern Pioneer filed a complaint for declaratory judgment on January 22, 2022, asking the circuit court to determine whether it owed Sharrah a duty to provide coverage and to defend.[1] In arguing that there was no coverage and it did not owe a duty to defend, Southern Pioneer cited the insurance policy's notice requirement. That policy provision provides as follows:

2.    **Duties In The Event Of Accident, Claim, Suit, Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a.    In the event of "accident," claim, "suit" or "loss," you must give us or our authorized representative prompt notice of the accident or "loss." Include:

(1) How, when, and where the "accident" or "loss" occurred;
(2) The "insured's" name and address; and
(3) To the extent possible, the names and addresses of any injured persons and witnesses.

. . . .

3.    **Legal Action Against Us**

No one may bring a legal action against us under this coverage form until:

---

[1]Neither Sharrah nor Aultman answered Southern Pioneer's complaint for declaratory judgment.

a. There has been full compliance with all the terms of this coverage form[.]

Southern Pioneer argued that although the accident in which Horton was injured occurred on December 22, 2018, Sharrah did not notify it about the accident until December 14, 2021. As such, Southern Pioneer contended that there was no coverage for the cause of action pled in Horton's complaint and no duty to defend Sharrah and A-1 Auto.[2] Southern Pioneer therefore sought a declaratory judgment that the policy did not provide coverage for any of the allegations set forth in the complaint.

Horton answered the complaint, and Southern Pioneer filed a motion for summary judgment. Southern Pioneer argued that no coverage existed under the insurance policy for one of three reasons: (1) neither Sharrah nor any other representative of A-1 Auto Sales provided reasonable notice of the work-related accident to Southern Pioneer, much less "prompt notice," which is a condition precedent to coverage under the policy; (2) alternatively, Southern Pioneer had been prejudiced due to Sharrah's delinquent notice; and (3) alternatively, there was no coverage afforded by the policy for work-related accidents.

As to its argument that Sharrah failed to provide prompt notice, Southern Pioneer argued that an insured must strictly comply with an insurance-policy provision requiring

---

[2]In the alternative, Southern Pioneer argued that there was no coverage for the injury because Horton was Sharrah's employee, and the insurance policy did not apply to bodily injuries sustained by an employee in the course of employment or the performance of duties related to the conduct of the insured's business. Although the circuit court determined that Horton was not an employee, Southern Pioneer does not challenge this finding on appeal.

timely notice when that provision is a condition precedent to recovery. *See Fireman's Fund Ins. Co. v. Care Mgmt., Inc.,* 2010 Ark. 110, 361 S.W.3d 800. Because the policy required Sharrah to provide prompt notice to Southern Pioneer of an "accident" or "loss," and because Sharrah failed to provide notice of the accident that injured Horton for nearly three years, Southern Pioneer argued that it was entitled to summary judgment because Sharrah failed to comply with the requisite condition precedent.

Horton responded to Southern Pioneer's summary-judgment motion by arguing that there were genuine issues of fact to be considered by a jury. Specifically, he disputed that the policy contained language creating a "condition precedent" for coverage. Moreover, he argued that whether Sharrah gave "prompt" notice and whether the notice was a condition precedent for coverage were both factual questions.

The circuit court held a hearing on Southern Pioneer's summary-judgment motion in May 2022. After taking the matter under advisement, the court entered an order denying the motion without explanation. Southern Pioneer thereafter filed a motion seeking clarification of the court's order. In a subsequent order, the court obliged. The court noted that the policy in question

> provides that in the event of an "accident," claim, "suit," *or* "loss," the insured must give prompt notice of the "accident" or "loss." [Southern Pioneer] has not alleged the insured failed to give prompt notice of the *suit*, but of the accident only. The policy provision does not provide notice of an accident, claim, suit, *and* loss. It states "or." In that context, it appears the insured would have been within the policy requirements had he notified [Southern Pioneer] promptly after the accident, *or* promptly after the insured was given notice of a lawsuit having been filed. The policy language does provide that in the event of one of the occurrences, prompt notice of

the accident or loss shall be given, but the occurrence of the condition is dependent on the trigger, and "suit" is one of the triggers.

(Emphasis in original.)

The court found that, at a minimum, the policy language was ambiguous "and can be read to provide [that] prompt notice was only required after the insured was made aware of the lawsuit." Because Sharrah gave Southern Pioneer reasonable notice of the filing of the lawsuit, the insurer had a duty to defend. The court added that "[w]hether or not the period of time prior to notice was prejudicial is not relevant since [Southern Pioneer] does not allege that prompt notice was not given after the filing of the lawsuit."[3] Accordingly, the court concluded that "the policy issued by Southern Pioneer does not exclude coverage for the assertions made by John Q. Horton in litigation filed by John Q. Horton against Troy Sharrah d/b/a A-1 Auto Sales and Allen Aultman, and Southern Pioneer does have a duty to defend its insured in the pending litigation."

Southern Pioneer filed a timely notice of appeal and now argues to this court that the circuit court erred and abused its discretion in denying its motion for summary judgment and finding that coverage exists as a matter of law.

II. *Standard of Review*

---

[3]The court went on to consider whether the exclusion from coverage for employees applied. It determined that Horton was not an employee; therefore, the exclusion did not apply. As noted above, Southern Pioneer does not challenge this finding on appeal.

Ordinarily, an order denying a motion for summary judgment is not an appealable order. *Jaggers v. Zolliecoffer*, 290 Ark. 250, 718 S.W.2d 441 (1986). Such an order is appealable, however, when it is combined with a dismissal on the merits that effectively terminates the proceeding below. *Bernard Ct., LLC v. Walmart, Inc.*, 2020 Ark. App. 563, at 4 (citing *Gammill v. Provident Life & Acc. Ins. Co.*, 346 Ark. 161, 55 S.W.3d 763 (2001)). Here, although the court did not expressly state its disposition of Southern Pioneer's complaint for declaratory judgment, the circuit court denied Southern Pioneer's motion for summary judgment in the same order in which it declared that Southern Pioneer had a duty to defend. This was a ruling on the merits of Southern Pioneer's declaratory-judgment action that concluded that matter.

This court has held that the standard of review for the *denial* of a motion for summary judgment is whether the circuit court abused its discretion. *Karnes v. Trumbo*, 28 Ark. App. 34, 41, 770 S.W.2d 199, 202 (1989); *see also Bernard Ct., supra; Ozarks Unlimited Res. Coop., Inc. v. Daniels*, 333 Ark. 214, 221, 969 S.W.2d 169, 172 (1998); *Welsh v. Mid-South Bulk Servs., Inc.*, 2011 Ark. App. 728, at 3. When a party appeals from an order rejecting a request for declaratory judgment, we have likewise held that "[w]hether relief under the Declaratory Judgment Act should be granted is a matter resting in the sound discretion of the circuit court." *Bernard Ct.*, 2020 Ark. App. 563, at 4–5. We will not find an abuse of discretion unless a circuit court acted "improvidently, thoughtlessly, [or] without due consideration." *Id.* at 8 (quoting *Potter v. Holmes*, 2020 Ark. App. 391, at 7; *Milner v. Luttrell*, 2011 Ark. App. 297, at 3, 384 S.W.3d 1, 3).

III. *Discussion*

On appeal, Southern Pioneer argues that the circuit court erred in denying its motion for summary judgment and finding that coverage exists as a matter of law. It contends that (1) the circuit court misconstrued the policy language; (2) prompt notice of an accident is a condition precedent to coverage; (3) Sharrah failed to provide "prompt" notice of the accident; and (4) even if prompt notice is not a condition precedent to coverage, Southern Pioneer was nonetheless prejudiced by Sharrah's three-year delay in reporting the accident.

We first dispose of Southern Pioneer's second contention: whether "prompt notice" is a condition precedent to coverage. The general rule in Arkansas is that when an insurance policy provides that the giving of notice of a loss, claim, or lawsuit is a condition precedent to recovery, the insured must strictly comply with the notice requirement or risk forfeiting the right to recover from the insurance company. *Fireman's Fund Ins. Co.*, 2010 Ark. 110, at 5–6, 361 S.W.3d at 803.

As noted above, Southern Pioneer's insurance policy provides that "[i]n the event of 'accident,' claim, 'suit' or 'loss,' you must give us or our authorized representative prompt notice of the accident or 'loss.'" We have no hesitation in determining that the language in the policy requiring notice of an "accident, claim, suit, or loss" creates a condition precedent to coverage. The true crux of Southern Pioneer's argument turns on whether the phrase "accident, claim, suit, *or* loss" renders the notice requirement ambiguous. We therefore address the circuit court's finding that the phrase creates an ambiguity.

Before doing so, we set forth the applicable standards to employ when reviewing insurance contracts. Arkansas law is well settled that an insurer may contract with its insured upon whatever terms the parties may agree on that are not contrary to statute or public policy. *Shelter Gen. Ins. Co. v. Williams*, 315 Ark. 409, 867 S.W.2d 457 (1993). Moreover, insurance policies are to be interpreted like other contracts. *S. Farm Bureau Cas. Ins. Co. v. Shelter Mut. Ins.* Co., 2016 Ark. App. 563, 506 S.W.3d 915. If the language of the policy is unambiguous, we will give effect to the plain language of the policy without resorting to rules of construction. *Castaneda v. Progressive Classic Ins. Co.*, 357 Ark. 345, 166 S.W.3d 556 (2004).

If the language is ambiguous, however, we will construe the policy liberally in favor of the insured and strictly against the insurer. *Corn v. Farmers Ins. Co.*, 2013 Ark. 444, 430 S.W.3d 655; *Smith v. Farm Bureau Mut. Ins. Co. of Ark.*, 88 Ark. App. 22, 30, 194 S.W.3d 212, 219 (2004) ("Provisions of an insurance policy are construed most strongly against the insurance company, which prepared it."). Whether the language of the policy is ambiguous is a question of law to be resolved by the court. *Hinojosa v. Trexis Ins. Corp.*, 2023 Ark. App. 359, 673 S.W.3d 800. Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation. *Id.* If the language of the policy is susceptible to two interpretations, one favorable to the insured and one favorable to the insurer, then the interpretation most favorable to the insured must be adopted. *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Davenport*, 2017 Ark. App. 207, 519 S.W.3d 702. If a reasonable construction can be given to the policy that would justify recovery, it is the court's duty to do so. *Id.*; *Smith*, *supra*.

Here, the circuit court found, "at a minimum," that the provision requiring notice of "accident, claim, suit, *or* loss" was ambiguous and "can be read to provide [that] prompt notice was only required after the insured was made aware of the lawsuit." The circuit court therefore determined that the policy language provides "that in the event of *one of* the occurrences, prompt notice of the accident or loss shall be given, but the occurrence of the condition is dependent on the trigger, and 'suit' is *one of* the triggers." (Emphasis added.)

We agree with the circuit court that the language of the policy can be read in this manner. Southern Pioneer, in drafting the notice provisions of its policy, chose to use the word "or." "In its ordinary sense, the word 'or' is a disjunctive particle that marks an alternative, generally corresponding to 'either,' as 'either this or that'; it is a connective that marks an alternative." *Bakalekos v. Furlow*, 2011 Ark. 505, at 11, 410 S.W.3d 564, 572. Reading the "or" in the disjunctive, the policy language thus can be construed as requiring notice upon the occurrence of an accident, *or* a claim, *or* a suit, *or* a loss. *See Phelps v. U.S. Life Credit Life Ins. Co.*, 336 Ark. 257, 984 S.W.2d 425 (1999) (holding that an insurance-policy application was susceptible to two reasonable interpretations and therefore ambiguous when the application asked, "During the last twelve months, have you been treated for or hospitalized for any condition of the heart, liver, kidney, lung *or* other life threatening illness?") (emphasis added).

Similarly, here, the circuit court and Southern Pioneer have presented different--but reasonable--interpretations of the phrase "accident, claim, suit, *or* loss." "[O]nce a definitive finding is made that an ambiguity exists in [an insurance policy's] terms, it is incumbent

upon the trial court to construe the provision in favor of the insured." *Id.* at 261, 984 S.W.2d at 428; *see also Farm Bureau*, 2017 Ark. App. 207, at 5, 519 S.W.3d at 706–07 ("[I]f there is doubt or uncertainty as to the policy's meaning and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former *will be* adopted.") (emphasis added).

Another important canon of contract interpretation declares that a construction that neutralizes any provision of a contract should never be adopted if the contract can be construed to give effect to all provisions. *Acceptance Indem. Ins. Co. v. Sw. Ark. Elec. Coop. Corp.*, 2014 Ark. App. 364; *see also Fowler v. Unionaid Life Ins. Co.*, 180 Ark. 140, 145, 20 S.W.2d 611, 613 (1929) ("Every word in the agreement must be taken to have been used for a purpose, and no word should be rejected as mere surplusage if the court can discover any reasonable purpose thereof which can be gathered from the whole instrument."). Southern Pioneer's interpretation of the policy provision "neutralizes" the words "suit or loss" and renders them superfluous and meaningless.

It bears repeating here that we review the circuit court's denial of Southern Pioneer's complaint for declaratory judgment and its motion for summary judgment for an abuse of discretion. We will not find an abuse of discretion unless a circuit court acted "improvidently, thoughtlessly, [or] without due consideration." *Potter v. Holmes*, 2020 Ark. App. 391, at 7, 609 S.W.3d 422, 427 (quoting *Milner v. Luttrell*, 2011 Ark. App. 297, at 3 384 S.W.3d 1, 3). The circuit court provided a well-reasoned explanation of how and why it determined that an ambiguity exists in Southern Pioneer's insurance policy; it did not act

10

improvidently or without thoughtful consideration of the question before it. We therefore cannot say that the circuit court abused its discretion in denying Southern Pioneer's motion for summary judgment and finding that it owed a duty to defend in this case.

We acknowledge Southern Pioneer's reliance on several cases from other jurisdictions in support of its argument that the policy language is unambiguous and requires prompt notice of an "accident" in order to trigger coverage. *See Kimbrell v. Union Standard Ins. Co.*, 207 F.3d 535 (8th Cir. 2000); *Sharpe v. Great Midwest Ins. Co.*, 808 S.E.2d 563 (Ga. Ct. App. 2017); *State Auto Prop. & Cas. Ins. Co. v. Brumit Servs., Inc.*, 877 F.3d 355 (7th Cir. 2017). None of these cases, however, are binding precedent for this court, nor do any of them squarely address whether the same or similar policy language created an ambiguity that would require the courts to construe the policy in favor of the insured.

Because we agree with the circuit court that Southern Pioneer's policy language was ambiguous, we affirm the court's finding that Southern Pioneer was given reasonable notice of the filing of the lawsuit against Sharrah and that it has a duty to defend its insured and provide coverage.[4]

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*Waddell, Cole & Jones, PLLC*, by: *Kevin W. Cole* and *Samuel T. Waddell*, for appellant.

---

[4]Because we affirm on Southern Pioneer's first point, it is unnecessary to address its final two arguments wherein it asserts that Sharrah failed to provide "prompt" notice of the accident and that it was prejudiced by Sharrah's three-year delay in reporting the accident.

*Caddell Reynolds*, by: *Matthew J. Ketcham*, for separate appellee John Q. Horton.